IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott, <br><br>Plaintiff, <br><br>v. <br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC – Eyman; Greg Fizer, Warden, ASPC – Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC, <br><br>Defendants. | No. CV-14-01447-PHX-NVW <br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference is set for **June 29, 2016, at 1:30 p.m.** in Courtroom 504, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. In preparation for this Scheduling Conference,

IT IS HEREBY ORDERED as follows:

Defendants' Answer to Plaintiffs' Second Amended Complaint (Doc. 97) is due on or before **May 27, 2016**.

INITIAL DISCLOSURES

**The parties are ordered to provide initial disclosures on or before June 8, 2016,** in the form required by Federal Rule of Civil Procedure 26(a)(1). The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures

need not be filed. The parties are not free, without order of the Court, to delay or defer exchange of Rule 26(a)(1) initial disclosures

to a time after their Rule 26(f) Meeting to prepare the joint proposed Discovery Plan.

COMMENCEMENT OF DISCOVERY PERMITTED AND REQUIRED

The limitation on the commencement of formal discovery set forth in Federal Rule of Civil Procedure 26(d) is waived.

RULE 26(f) MEETING AND CASE MANAGEMENT REPORT

The parties are directed to meet and confer by **June 13, 2016**, as required by Federal Rule of Civil Procedure 26(f). At this Rule 26(f) Meeting, the parties shall develop a joint proposed Discovery Plan which contains the following information in separately numbered paragraphs:

1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan;

2. A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

3. A description of the principal factual and legal disputes in the case;

4. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 90 days after the Scheduling Conference to join parties or amend pleadings);

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners is a citizen. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial;

9. The status of related cases pending before other courts or other judges of this Court;

10. A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures;

11. A discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties;

    d. The parties' views and proposals on any issues about disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced; any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

12. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a. A deadline for the completion of fact discovery[2] and disclosure

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain

    b. Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;[3]

    c. A deadline for completion of all expert depositions;

    d. A deadline for filing dispositive motions;

  13. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons);

  14. The estimated length of trial and any suggestions for shortening the trial;

  15. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

  16. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

  The parties shall jointly file the Discovery Plan with the Clerk (e-file the Plan using the "Other Documents" category and use the drop down event "Report re: Rule 26(f) Planning Meeting") on or before **June 24, 2016**, (absent extraordinary circumstances, no extensions of time will be granted). It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) Meeting and preparation of the joint Discovery Plan. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the proposed Plan. .

SCHEDULING CONFERENCE AND ORDER

  The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel who will be responsible for trial of

---

discovery disputes after this deadline.

[3] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

- 4 -

1   the lawsuit for each party shall appear and participate in the Scheduling Conference and
2   shall have authority to enter into stipulations regarding all matters that may be discussed.
3   A continuance of the Scheduling Conference will be granted only for good cause and will
4   not be granted beyond the time limit set forth in Federal Rule of Civil Procedure
5   Rule 16(b).

6   During or after the Scheduling Conference, the Court will enter a Scheduling
7   Order. The form of the Court's standard Scheduling Order can be found on the Court's
8   website at www.azd.uscourts.gov under Judges & Courtrooms; Orders/Forms &
9   Procedures/Judge Wake. The Court fully intends to enforce the deadlines in the
10  Scheduling Order. The parties should plan their litigation activities accordingly.

11  OTHER MATTERS

12  Counsel for all parties are expected to comply fully with the Federal Rules of Civil
13  Procedure and Local Rules and to minimize the expense of discovery.

14  Counsel should ensure that all pleadings comply with LRCiv 7.1 and LRCiv 7.2.

15  Dated this 18th day of May, 2016.

_____
Neil V. Wake
United States District Judge