MARK BRNOVICH
ARIZONA ATTORNEY GENERAL
Firm State Bar No. 14000

SOLICITOR GENERAL'S OFFICE
David D. Weinzweig (018687)
Senior Litigation Counsel

CAPITAL LITIGATION SECTION
Lacey Stover Gard (022714)
Section Chief Counsel
John Pressley Todd (003863)
Jeffrey L. Sparks (027536)
Assistant Attorneys General

1275 West Washington
Phoenix, Arizona  85007-2997
Telephone: (602) 542-3333
David.Weinzweig@azag.gov
CADocket@azag.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,<br><br>        Plaintiffs,<br><br>        -vs-<br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC-Eyman; Greg Fizer, Warden, ASPC-Florence; and Does 1-10, Unknown ADC Personnel, in their official  capacities as Agents of ADC,<br><br>        Defendants. | No. 2:14–cv–01447–NVW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>(Honorable Neil V. Wake) |

Director Charles L. Ryan, Warden James O'Neil, and Warden Greg Fizer (collectively, "Defendants") submit this Answer to Plaintiffs' Second Amended Complaint (the "Complaint") (Doc. 94).  Defendants specifically deny each and every allegation of the Complaint not expressly admitted, qualified, or denied in this Answer.

1.      Defendants admit that Plaintiffs purport to seek the relief set forth in Paragraph 1, but deny the remaining allegations, including that Plaintiffs are entitled to

the relief requested.  This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those claims and allegations.

2.      Defendants deny the allegations in paragraph 2.

3.      Paragraph 3 purports to quote from the State of Arizona's Reply Brief in Support of Application to Lift Stay in *Ryan v. Wood*, No. 14A82 (U.S. July 22, 2014), which speaks for itself.  To the extent that the allegations are inconsistent with the Reply Brief, they are denied.  Defendants admit that the State of Arizona's execution of Joseph Wood involved the administration of a total of 750 milligrams of midazolam and 750 milligrams of hydromorphone.  Defendants otherwise deny the allegations in paragraph 3.

4.      Paragraph 4 purports to quote from the transcript of a telephonic hearing between the parties and the Court on July 23, 2014, which speaks for itself.  To the extent the allegations are inconsistent with the transcript, they are denied.  Defendants deny the remaining allegations of paragraph 4.

5.      Defendants admit that the Arizona Department of Corrections ("ADC") adopted a three-drug execution protocol on October 23, 2015, that consists of midazolam, vecuronium/rocuronium/or pancuronium bromide, and potassium chloride.  Defendants deny the remaining allegations in paragraph 5. This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those allegations.

6.      Defendants deny the allegations in paragraph 6.

7.      Answering paragraphs 7, 8, and 9, Defendants admit that jurisdiction and venue are appropriate in this Court for Plaintiffs' Eighth Amendment claims.  This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those allegations.

8.      Defendants are without sufficient knowledge or belief to admit or deny the allegations of paragraph 10 and thus deny them.  This Court has dismissed the First

Amendment Coalition of Arizona, Inc. from the lawsuit with prejudice.

9. Defendants admit the allegations of paragraph 11. Defendants affirmatively allege that Plaintiff Charles Hedlund was sentenced to death for murdering Christene Mertens and Jim McClain during the burglaries of their homes in February 1991.

10. Defendants admit the allegations of paragraph 12. Defendants affirmatively allege that Plaintiff Graham Henry was sentenced to death for murdering Roy Estes, a 55–year old invalid, in June 1986.

11. Defendants admit the allegations of paragraph 13. Defendants affirmatively allege that Plaintiff David Gulbrandson was sentenced to death for murdering Irene Katuran in March 1991.

12. Defendants admit the allegations of paragraph 14. Defendants affirmatively allege that Plaintiff Todd Smith was sentenced to death for murdering 72–year–old Clarence "Joe" Tannehill and 73–year–old Elaine Tannehill in August 1995.

13. Defendants admit the allegations of paragraph 15. Defendants affirmatively allege that Plaintiff Robert Poyson was sentenced to death for murdering Leta Kagan, Robert Wear, and 15–year–old Robert Delahunt in April 1996.

14. Defendants admit the allegations of paragraph 16. Defendants affirmatively allege that Plaintiff Eldon Schurz was sentenced to death for murdering Jonathan Bahe in December 1989.

15. Defendants admit the allegations of paragraph 17 of the Complaint. Defendants affirmatively allege that Plaintiff Roger Scott was sentenced to death for the murder of 4–year–old Christopher Milke in December 1989.

16. Answering paragraph 18, Defendants admit that Charles L. Ryan is the Director of the Arizona Department of Corrections and that Plaintiffs purport to sue him in his official capacity.

17. Answering paragraph 19, Defendants admit that James O'Neil is the Warden of ASPC-Eyman, that Plaintiffs are incarcerated there, and that Plaintiffs purport to sue him in his official capacity.

18.     Answering paragraph 20, Defendants admit that Greg Fizer is the Warden of ASPC-Florence, that executions are conducted there, and that Plaintiffs purport to sue him in his official capacity.

19.     Defendants are without sufficient knowledge or belief to admit or deny the allegations as to unnamed defendants in paragraph 21 and thus deny them.

20.     The allegations in paragraph 22 are conclusions of law and thus require no response.   To the extent that a response is required, Defendants admit that Charles L. Ryan is the Director of the Arizona Department of Corrections, that James O'Neil is the Warden of ASPC-Eyman, and that Greg Fizer is the Warden of ASPC-Florence.

21.     The allegations in paragraph 23 purport to characterize the law and thus require no response.   This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those claims and allegations.

22.     The allegations in the first sentence of paragraph 24 are conclusions of law, which require no response, and otherwise purport to quote from *Wood v. Ryan*, 759 F.3d 1076, 1103 (9th Cir. 2014) (Kozinski, C.J., dissent), and *Cal. First Amendment Coalition v. Woodford*, 299 F.3d 868 (9th Cir. 2002), which speak for themselves.   To the extent that the quotes are inconsistent with the text of these opinions, they are denied.   Answering the second sentence, Defendants admit that Department Order 710 authorizes five reporters to attend and witness all executions from the moment the inmate walks into the chamber until death.   Defendants deny the remaining allegations in paragraph 24.

23.     The allegations in paragraph 25 purport to quote from two publications, which speak for themselves.   Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations and therefore deny the same.

24.     The allegations in the first sentence of paragraph 26 are conclusions of law and thus require no response.   Defendants deny the remaining allegations in paragraph 26.

25.     The allegations in the first and second sentences of paragraph 27 are conclusions of law and thus require no response.  The remaining allegations purport to quote from federal common law and other publications, which speak for themselves.  To the extent that the quotes are inconsistent with the text of the cited decisions, they are denied.

26.     The allegations in paragraph 28 are conclusions of law that require no response and otherwise purport to quote from or characterize federal common law that speaks for itself.  To the extent that the quotes and characterizations are inconsistent with the text of the decisions, they are denied.

27.     The allegations in paragraph 29 are conclusions of law that require no response and otherwise purport to quote from or characterize federal common law that speaks for itself.  To the extent that the quotes and characterizations are inconsistent with the text of the decisions, they are denied.  This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those claims and allegations.

28.     The allegations in paragraph 30 are conclusions of law that require no response and otherwise purport to quote from or characterize federal common law that speaks for itself.  To the extent that the quotes or characterizations are inconsistent with the text of the decisions, they are denied.  This Court has dismissed Counts 2, 3, 4, 5, and 8 with prejudice along with Count 1's First Amendment claim; therefore, no response is required as to those claims and allegations.

29.     Answering paragraph 31, Defendants admit that the State of Arizona used a three-drug execution protocol of sodium thiopental, pancuronium bromide, and potassium chloride between 1993 and 2011.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 31 regarding national execution practices and thus deny the same.

30.     Answering paragraph 32, Defendants admit that death penalty opponents have made it difficult for the State of Arizona to acquire sodium thiopental and

pentobarbital in recent years and placed enormous pressure on drug manufacturers to stop selling sodium thiopental and pentobarbital to States for execution purposes.  Defendants affirmatively allege that Plaintiffs David Gulbrandson, Charles Hedlund, Robert Poyson, Eldon Schurz, and Todd Smith successfully sued the Food and Drug Administration in *Beaty, et al. v. Food and Drug Admin., et al.*, Civ. No. 1:11-cv-00289 (RJL) (D. D.C.), forcing the FDA to block the States from importing sodium thiopental.  *See Cook v. Food and Drug Admin.*, 733 F.3d 1 (D.C. Cir. 2013).   Defendants deny the remaining allegations in paragraph 32.

31.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 33 as to national execution practices of "some states" and thus deny the same.

32.    Defendants deny the allegations of paragraph 34.

33.    Answering the allegations in paragraph 35, Defendants deny the first sentence and, in particular, the characterization of midazolam as an "experiment." Defendants admit that midazolam is a benzodiazepine sold under the trade name Hypnovel and Versed.   The remaining allegations purport to characterize FDA requirements and regulations, which speak for themselves.   To the extent that the characterizations are inconsistent with the requirements and regulations, they are denied.

34.    Answering paragraph 36, Defendants admit that hydromorphone is an opioid drug sold under the trade name Dilaudid.  The remaining allegations purport to characterize FDA requirements and regulations, which speak for themselves.   To the extent that the characterizations are inconsistent with the requirements and regulations, they are denied.

35.    Answering paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to tests of midazolam by unnamed individuals or entities on humans and non-humans prior to 2014.   The remaining allegations in paragraph 37 purport to quote a newspaper article, which speaks for itself.  To the extent that the quotes or characterizations are inconsistent with the article, they are denied.

36.     Answering paragraph 38, Defendants admit that the State of Arizona executed Joseph Wood on July 23, 2014 using a two-drug combination of midazolam and hydromorphone.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 39, 40, 41, 42, and 44, and therefore deny the same.

38.     Answering paragraph 43 of the Complaint, Defendants admit that the State of Arizona executed Joseph Wood on July 23, 2014 using a two-drug combination of midazolam and hydromorphone.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

39.     Defendants deny the allegations of paragraph 45.

40.     Answering paragraph 46 of the Complaint, Defendants admit that the State of Arizona executed Eva Dugan by hanging on February 21, 1930.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47 and therefore deny the same.  Paragraph 46 also cites to and purports to quote from the vacated decision in *Wood v. Ryan*, 759 F.3d 1076 (9th Cir. 2014), and another publication, both of which speak for themselves.

41.     Answering paragraph 47 of the Complaint, Defendants admit that the State of Arizona changed execution methods from hanging to gas chamber in 1934. Defendants further admit that the State executed Donald Harding on April 6, 1992, using the gas chamber.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47 and therefore deny the same.  Paragraph 47 also cites to and purports to quote from newspaper articles, which speak for themselves.

42.     Answering paragraph 48 of the Complaint, Defendants admit that Arizona voters approved adopting lethal injection as Arizona's method of execution in 1992 and

1   that Arizona thereafter adopted a three-drug protocol utilizing sodium thiopental,

2   pancuronium bromide, and potassium chloride.  Defendants are without knowledge or

3   sufficient information to form a belief as to the truth or falsity of the remaining

4   allegations in paragraph 48 and therefore deny the same.

5        43.    Answering paragraph 49 of the Complaint, Defendants admit that the State

6   of Arizona used the three-drug protocol approved by the Supreme Court in *Baze v. Rees*,

7   553 U.S. 35, 46 (2008), to execute 21 prisoners between 1993 and 2000.  The remaining

8   allegations in paragraph 49 purport to describe several unidentified Arizona executions.

9   Defendants are without knowledge or information sufficient to form a belief as to the

10   truth or falsity of those allegations and therefore deny the same.

11        44.    Answering paragraph 50, Defendants admit that the State of Arizona

12   conducted no executions between November 8, 2000 and the May 22, 2007 execution of

13   Robert Comer, and that Comer waived his appeals.  The remaining allegations of

14   paragraph 50 purport to cite and characterize several Supreme Court opinions, to which

15   no response is required.  The opinions speak for themselves.

16        45.    Defendants admit the allegations in paragraph 51.

17        46.    Defendants admit the allegations in the first three sentences of paragraph

18   52.  Defendants are without knowledge or information sufficient to form a belief as to the

19   truth or falsity of the allegations in the fourth sentence of paragraph 52 and therefore

20   deny the same.  The remaining allegations purport to characterize an Order of this Court

21   and quote from a transcript, both of which speak for themselves.  To the extent that the

22   quotes and characterizations are inconsistent with the text of the documents, they are

23   denied.

24        47.    Defendants admit the allegations in paragraph 53.

25        48.    Defendants admit the allegations in paragraph 54.

26        49.    Defendants admit the allegations in paragraph 55.

27        50.    Answering paragraph 56, Defendants admit that Landrigan filed a 2010

28   federal court lawsuit to learn which manufacturer had sold lethal injection drugs to the

State.  The second and third sentences characterize and purport to quote from federal court decisions, which speak for themselves.  To the extent that the quotes and characterizations are inconsistent with the text of the decisions, they are denied. Defendants admit the allegations in the fourth sentence.  Defendants admit that ADC administered backup chemicals after Landrigan was declared dead, but deny the remaining allegations in the fifth sentence.  Defendants affirmatively allege that the backup chemicals were administered as required under the written procedures, which stated, "If all electrical activity of the heart ceases prior to administering all the chemicals, the team members shall continue to follow this protocol and administer all remaining chemicals as set forth in the Chemical Chart."

51.     Paragraph 57 purports to characterize and quote from a newspaper article which speaks for itself.

52.     Answering Paragraph 58, Defendants admit that the Ninth Circuit held oral argument in *Dickens v. Brewer*, No. 09–16539, on December 10, 2010.  The remaining allegations purport to characterize and quote from the complaint and opinion in *Dickens v. Brewer*, 631 F.3d 1139 (9th Cir. 2011), which speak for themselves and require no response.

53.     Paragraph 59 purports to characterize and quote from the transcript of oral argument in *Dickens*, which speaks for itself. To the extent the allegations are inconsistent with the transcript, they are denied.

54.     Paragraph 60 purports to characterize and quote the Ninth Circuit's decision in *Dickens*, 631 F.3d 1139, which speaks for itself.  To the extent the allegations are inconsistent with the decision, they are denied.

55.     Defendants admit the first, second, and third sentences of paragraph 61. Defendants deny the fourth sentence of paragraph 61.

56.     Answering paragraph 62, Defendants admit the allegations in the first, second, third, fourth, and sixth sentences, except for the allegation that the State "had illegally acquired" sodium thiopental, which is denied.  The fifth sentence purports to

characterize and quote the Arizona Supreme Court's order in *State v. Beaty* No. CR85-0211-AP/PC (Ariz. May 25, 2011), which speaks for itself.  To the extent the allegations are inconsistent with the text of the order, they are denied.  Defendants affirmatively allege that ADC switched from sodium thiopental to pentobarbital for Donald Beaty's execution because, the day before the scheduled executions, the Department of Justice informed ADC that it imported its supply of sodium thiopental without filling out a required Form DEA-236.  *See West v. Brewer*, 2011 WL 6724628, *10 (D. Ariz. Dec. 21, 2011).  "Neither the FDA nor [ADC's customs broker] ever informed ADC that Form DEA-236 was necessary for importation of sodium thiopental." *Id.*  The Department of Justice also stated that ADC was not authorized to import controlled substances by the DEA and that it did not use a DEA-sanctioned, licensed importer. *Id.*  ADC's importation of the sodium thiopental was litigated in *West*, and this Court found that "it was reasonable for ADC to believe that the FDA had 'approved' the importation, that ADC was unaware of certain DEA requirements for importing sodium thiopental, and that ADC did not intentionally or knowingly import drugs unlawfully." *Id.* at *19.

57.     Defendants admit the allegations in paragraph 63.

58.     Answering Paragraph 64, Defendants admit that Thomas West and other inmates filed a complaint in federal court on July 16, 2011, and that West filed a Motion for Temporary Restraining Order or Preliminary Injunction in federal court on July 16, 2011.  The remaining allegations purport to characterize the complaint, which speaks for itself and thus requires no response.

59.     Answering Paragraph 65, the first, second, third, and fourth sentences purport to characterize and quote from the decision in *West v. Brewer*, 652 F.3d 1060 (9th Cir. 2011), which speaks for itself.  To the extent the allegations are inconsistent with the text of the decision, they are denied.  Defendants admit the allegations in the fifth and sixth sentences.

60.     Answering paragraph 66, Defendants admit that *West v. Brewer*, No. CV-11-1409-PHX-NVW, continued after the execution of Thomas West.  Defendants further

admit that the Arizona Department of Corrections amended its lethal injection protocol on January 25, 2012. The remaining allegations of paragraph 66 purport to describe this Court's decision in *West*, 2011 WL 6724628 (D. Ariz. Dec. 21, 2011), which speaks for itself. To the extent the allegations are inconsistent with the text of the decision, they are denied. Defendants affirmatively allege that in its final order in *West*, 2011 WL 6724628, this Court concluded that none of the protocol deviations alleged by the plaintiffs established an Eighth Amendment violation.

61. The allegations in paragraph 67 of the Complaint purport to characterize the January 2012 version of Department Order 710, which speaks for itself. To the extent the allegations are inconsistent with the text of that document, they are denied.

62. Answering paragraph 68, Defendants admit that Robert Towery, Robert Moormann, Pete Rogovich, Thomas Kemp, Milo Stanley, Samuel Lopez, Daniel Cook, Richard Stokley, and Murray Hooper filed a federal court complaint against Governor Janice Brewer, Director Charles Ryan, Warden Ron Credio, and Warden Lance Hetmer on February 6, 2012. *Towery v. Brewer*, No. 12-cv-00245 (D. Ariz. Feb. 6, 2012) (ECF No.1). The remaining allegations purport to characterize the allegations in that complaint, which speaks for itself and thus requires no response.

63. Defendants admit the allegations in paragraph 69.

64. Defendants admit the allegations in the first and second sentences of paragraph 70. Defendants deny the allegations in the third and fourth sentences of paragraph 70. Defendants affirmatively allege that for years prior to ADC's switch from a three-drug to one-drug protocol, plaintiff inmates had insisted that the Eighth Amendment required ADC to adopt a one-drug protocol. *See West*, 2011 WL 6724628, at *19.

65. Paragraph 71 purports to characterize the transcript of oral argument before the Ninth Circuit in *Towery v. Brewer*, No. 12-15381, which speaks for itself. To the extent the allegations are inconsistent with the text of that transcript, they are denied.

66.     Paragraph 72 purports to characterize and quote from the decision in *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.

67.     Defendants admit the allegations in paragraph 73.

68.     Answering paragraph 74, Defendants admit that the State of Arizona executed Robert Towery on March 8, 2012, that it took approximately 59 minutes to set the IV lines, and that witnesses were unable to view the insertion of the IV lines. Defendants deny the remaining allegations in paragraph 74.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the unattributed ADC statements or inmate/attorney codes alleged in paragraph 75 and therefore deny the same.

70.     Defendants admit the allegations in the first and second sentences of paragraph 76.  The remaining allegations in paragraph 76 purport to quote from the decision in *Lopez v. Brewer*, 680 F.3d 1084 (9th Cir. 2012), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.

71.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 and therefore deny the same.

72.     Answering paragraph 78, Defendants admit that the State of Arizona executed Thomas Kemp on April 25, 2012, using five grams of pentobarbital and that he was pronounced dead 7 minutes after the chemical was administered.  Defendants deny that the execution was not conducted "as planned."   The remaining allegations in paragraph 78 purport to quote from the decision in *Lopez v. Brewer*, 680 F.3d 1084 (9th Cir. 2012), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.

73.     Answering paragraph 79, Defendants admit that Samuel Lopez filed a motion for preliminary injunction to stay his execution on May 1, 2012.  The remaining allegations in paragraph 76 purport to quote from the decision in *Lopez v. Brewer*, 680

F.3d 1084 (9th Cir. 2012), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.

74.     Paragraph 80 purports to quote from a concurrence and dissent in *Lopez v. Brewer*, 680 F.3d 1084 (9th Cir. 2012), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.

75.     Answering paragraph 81, Defendants admit that Samuel Lopez petitioned for rehearing *en banc*, which the Court of Appeals denied.  The remaining allegations in paragraph 81 purport to characterize and quote from two dissenting opinions in *Lopez v. Brewer*, 680 F.3d 1084 (9th Cir. 2012), which speak for themselves.  To the extent the allegations are inconsistent with the text of the opinions, they are denied.

76.     Defendants admit the allegations in paragraphs 82, 83, 84, and 85.

77.     Answering Paragraph 86, Defendants admit the first, second, third, and fourth sentences.  The final sentence purports to characterize the federal court complaint of  Edward Schad and Robert Jones, which speaks for itself and requires no response

78.     Answering paragraph 87, the first and second sentences purport to characterize and quote from the decision in *Schad v. Brewer*, No. 2:13-cv-2001-ROS (D. Ariz. Oct. 4, 2013) (ECF No. 23), which speaks for itself.  To the extent the allegations are inconsistent with the text of that decision, they are denied.  Defendants admit the remaining allegations, but affirmatively allege that the Arizona Department of Corrections had objected to the court-ordered disclosure.

79.     Defendants admit the allegations in paragraphs 88 and 89.

80.     Answering paragraph 90, Defendants admit that the Arizona Department of Corrections adopted a revised Department Order 710 on March 26, 2014, which speaks for itself.  Defendants admit the remaining allegations in paragraph 90.

81.     Answering the chart in Paragraph 91, Defendants admit that the State of Arizona executed the death row inmates identified in the first column on the dates identified in the second column with the lethal injection chemicals identified in the third column and that the death row inmates were pronounced dead in the time periods set

forth in the fourth column after the times set forth on the chart.  Defendants deny the characterized "reaction[s]" and "difficult[ies]" in the fifth and sixth columns.

82.   Answering Paragraph 92, Defendants admit that Joseph Wood, Graham Henry, David Gulbrandson, Todd Smith, Charles Hedlund, and Eldon Schurz filed a complaint in federal court against Director Charles Ryan, Warden Ron Credio, and Warden Lance Hetmer on June 26, 2014.   The remaining allegations purport to characterize the complaint, which speaks for itself and thus requires no response.

83.   Defendants admit the allegations in paragraph 93.

84.   Answering paragraph 94, Defendants admit that Joseph Wood filed a motion for preliminary injunction to stay his execution on July 2, 2014.  The remaining allegations in paragraph 94 purport to characterize and quote from two federal court decisions, which speak for themselves.  To the extent the allegations are inconsistent with the text of the decisions, they are denied.  Defendants affirmatively allege that the Supreme Court vacated the Ninth Circuit's judgment in *Wood*, thereby reinstating this Court's decision which denied Wood injunctive relief based on a claimed First Amendment right to certain execution-related information.

85.   Answering paragraph 95, Defendants affirmatively allege that the Arizona Department of Corrections complied with the court-ordered disclosure after objecting to such disclosure.  Defendants admit the remaining allegations in paragraph 95.

86.   Paragraph 96 of the Complaint purports to quote from Defendants' Reply in Support of Application to Lift Stay, *Ryan v. Wood*, No. 14A82, at 2 (U.S. July 22, 2014), which speaks for itself.  To the extent the allegations are inconsistent with the text of that pleading, they are denied.

87.   Answering paragraph 97, Defendants admit that the United States Supreme Court lifted the stay of Joseph Wood's execution imposed by the Ninth Circuit, but deny the remaining allegations.

88.   Defendants admit the allegations in the first and second sentences of paragraph 98, and that witnesses viewing the execution could not see into the room where

the drugs were mixed and administered.  Defendants are without knowledge or sufficient information to form a belief as to the truth or falsity as to the remaining allegations in the third sentence and therefore deny the same.

89.     Answering paragraph 99, Defendants admit that the microphone was turned off after the IVs were set and that witnesses periodically received updates from ADC. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 99 and therefore deny the same.

90.     Answering paragraph 100, Defendants admit that Wood was pronounced dead approximately 117 minutes after the first chemicals were administered, but deny the remaining allegations of paragraph 100.

91.     Defendants deny the allegations in paragraph 101.     Defendants affirmatively allege that Wood was unconscious and insensate throughout the execution.

92.     Answering paragraph 102, Defendants admit that the Arizona Department of Corrections administered second and third doses of the chemicals at approximately 18 and 24 minutes after the first chemicals were administered and that the witnesses were unable to view the administration of chemicals, but deny the remaining allegations in paragraph 102.

93.     Defendants deny the allegations in paragraph 103.     Defendants affirmatively allege that three minutes after administration of the first dose of chemicals, and before the second dose was administered, the IV team leader performed a consciousness check and verified that Wood was sedated, exactly as provided for in the written procedures.   *See* Department Order 710 (effective date Sept. 21, 2012; replacement page effective date March 26, 2014), Chart C at ¶ F.4.  After administration of the second dose, and throughout the remainder of the execution, ADC complied with the written procedures by continuing to "confirm the inmate is unconscious by sight and sound, utilizing the audio equipment, camera and monitor."  *Id.* at ¶ F.7.

94.     Answering paragraph 104, Defendants admit that, approximately an hour after the first chemicals were administered in Wood's execution, Wood's counsel sought

1  to stop the execution.  Defendants further admit that witnesses to the execution were
2  prohibited from bringing cell phones into the witness room.  Defendants deny the
3  allegation that they "secretly were improvising with the amounts of drugs they were
4  injecting into Wood."  Defendants are without knowledge or information sufficient to
5  form a belief as to truth or falsity of allegations that it took nine minutes for Wood's
6  counsel to contact the Court and whether additional chemicals were administered during
7  the alleged nine-minute period.

8      95.     Paragraph 105 purports to characterize the transcript of a telephonic hearing
9  between this Court and the parties on July 23, 2014, which speaks for itself.  To the
10 extent a response is deemed required, Defendants deny the allegations.  Defendants
11 affirmatively allege that neither Defendants nor their counsel intentionally misrepresented
12 any facts during the telephonic hearing.

13     96.     Answering paragraph 106, Defendants admit the Arizona Department of
14 Corrections administered a total of 750 milligrams of midazolam during Wood's
15 execution.  Paragraph 106 also purports to quote from or characterize the "labeling
16 instructions" for midazolam, which speak for themselves and thus require no response.
17 Defendants affirmatively allege that the midazolam was being used for lethal injection
18 rather than therapeutic purposes.

19     97.     The first sentence of paragraph 107 purports to characterize statements of
20 counsel during the telephonic hearing this Court held during Wood's execution, which
21 speak for themselves and thus require no response.  Defendants deny the remaining
22 allegations of paragraph 107.  Defendants affirmatively allege that neither Defendants nor
23 their counsel intentionally misrepresented any facts during the telephonic hearing.

24     98.     Answering paragraph 108, Defendants admit that the Arizona Department
25 of Corrections did not have on hand drugs that could reverse an execution, but deny the
26 remaining allegations in paragraph 108.

27     99.     Paragraphs 109 and 110 purport to describe media accounts of the Wood
28 execution, which speak for themselves.  The balance of allegations in paragraph 109 are

conclusions of law and therefore require no response.   To the extent a response is required, Defendants deny the allegations.

100.   Paragraph 111 purports to characterize and quote media interviews and press releases, all of which speak for themselves and thus require no response.

101.   Defendants deny the allegations in paragraph 112.

102.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113 of the Complaint and therefore deny the allegations..

103.   Defendants deny the allegations in paragraph 114.

104.   Paragraphs 115 and 116 purport to describe pleadings filed in this action, which speak for themselves and thus require no response.

105.   Paragraph 117 purports to characterize the transcript of a status conference hearing on October 29, 2014, which speaks for itself and requires no response.   To the extent the allegations are inconsistent with the text of the transcript, they are denied.

106.   Paragraph 118 purports to characterize the stipulation filed by the parties in this action which speaks for itself and thus requires no response.

107.   Paragraph 119 purports to characterize an ADC press release dated December 22, 2014, which speaks for itself.   To the extent the allegations are inconsistent with the text of the press release, they are denied.   Defendants deny the balance of allegations in paragraph 119.

108.   Defendants admit the allegations in paragraphs 120, 121, 122, 123, and 124.

109.   Answering paragraph 125, Defendants admit that, in July 2015, ADC purchased and imported 1,000 vials of sodium thiopental, that the FDA detained the shipment, and that Defendants did not mention that the FDA had detained the shipment. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding first press accounts.   Defendants deny the balance of allegations in paragraph 125.   Defendants affirmatively allege that the

1  importation was lawful, the FDA wrongfully seized the shipment, the drug was

2  manufactured and labeled at an FDA-registered facility, and ADC filed an administrative

3  appeal with the FDA challenging the seizure.

4      110.   Answering paragraph 126, Defendants admit that the Arizona Department

5  of Corrections published amended lethal injection procedures on October 23, 2015 and

6  that these procedures incorporated Plaintiffs' requests to provide an inmate's counsel with

7  workspace and access to a phone on the day of an execution, to provide a qualitative

8  report for any compounded chemical used in an execution, and to allow witnesses to view

9  the inmate entering the execution chamber.  Defendants deny the allegation purporting to

10 characterize the quantity of Plaintiffs' proposals adopted in the amended procedures as

11 "only a handful."

12     111.   The allegations in paragraph 127 are conclusions of law and thus require

13 no response.  To the extent that a response is required, Defendants deny the allegations.

14     112.   Paragraph 128 purports to characterize Department Order 710 and to

15 interpret it based on statements made during a meet-and-confer.  Defendants aver that the

16 document speaks for itself and thus no response is required.  To the extent a response is

17 deemed required, Defendants deny the allegations in paragraph 128.

18     113.   Defendants deny the allegations in paragraph 129.

19     114.   The allegations in the first sentence of paragraph 130 are conclusions of

20 law and thus require no response.  To the extent that a response is required, the State

21 Defendants deny the allegations.  Defendants deny the allegations in the second sentence

22 of paragraph 130.  The remaining allegations purport to quote from Department Order

23 710, which speaks for itself.  To the extent the quotations are inconsistent with that

24 document, they are denied.

25     115.   Paragraph 131 purports to quote from Department Order 710, which speaks

26 for itself.  To the extent the quotations are inconsistent with that document, they are

27 denied.  Defendants deny the balance of allegations in paragraph 131.  Defendants

28 affirmatively allege that, in Landrigan's execution, ADC did not use "discretion to

1  administer drugs into Landrigan's body after he was pronounced deceased" since the

2  written procedures required administration of the backup chemicals.   Defendants

3  affirmatively allege that, in King's execution, ADC did not use "discretion to administer

4  an additional dose of potassium chloride despite failing to first conduct a consciousness

5  check or administer additional sodium thiopental" since the written procedures

6  specifically called for an additional dose of potassium chloride without first performing a

7  consciousness check or administering additional sodium thiopental.   Defendants

8  affirmatively allege that ADC changed the drug protocol the day before Beaty's execution

9  due to action by the Department of Justice.   Defendants affirmatively allege that ADC

10  switched to a one-drug protocol that plaintiff inmates had been demanding for years for

11  the executions of Moorman and Towery.   Defendants also affirmatively allege that the

12  written procedures in effect during Wood's execution did not prohibit the administration

13  of more than two doses of lethal chemicals.

14     116.   Defendants deny the allegation in paragraph 132.

15     117.   Answering paragraph 133, Defendants admit that the Arizona Department

16  of Corrections' lethal injection procedures are exempt from Arizona's Administrative

17  Procedures Act.   The second sentence of paragraph 133 purports to recite a legal

18  conclusion based on the scope of the exemption, to which no response is required.   The

19  final sentence of paragraph 133 purports to characterize and quote from *State v. Cook*,

20  281 P.3d 1053 (Ariz. Ct. App. 2012), and a newspaper report, which speak for themselves

21  and require no response.   To the extent a response is deemed required, Defendants deny

22  the allegations.

23     118.   Defendants deny the allegations in paragraph 134.

24     119.   Answering paragraph 135, Defendants admit that midazolam is a

25  benzodiazepine.   Defendants deny the remaining allegations in paragraph 135.

26     120.   Answering paragraph 136, Defendants admit the allegations regarding

27  sodium thiopental and pentobarbital, but deny the allegations regarding benzodiazepines.

28     121.   Answering paragraph 137 of the Complaint, the State Defendants admit that

the Arizona Department of Corrections modified its execution protocol to include a three-drug protocol consisting of midazolam, a paralytic, and potassium chloride, and that this protocol would be used in the execution of death row inmates.  Insofar as paragraph 137 purports to characterize Department Order 710, the document speaks for itself and no response is required.

122.   The allegations in paragraphs 138 and 139 are conclusions of law and thus require no response.  To the extent that a response is required, Defendants deny the allegations.

123.   Paragraphs 140, 142, 143, and 144 purport to characterize Department Order 710 which speaks for itself and requires no response.  Defendants deny the balance of allegations in paragraph 140.

124.   Answering paragraph 141, Defendants admit that witnesses are unable to see inside the room where the chemicals are administered during an execution.  The footnote in paragraph 141 purports to quote from Department Order 710 which speaks for itself and requires no response.  Defendants deny the remaining allegations in paragraph 141.

125.   Defendants deny the allegations in paragraph 145.

126.   The allegations in paragraph 146 are conclusions of law and thus require no response.  To the extent that a response is required, Defendants deny the allegations.

## CLAIM ONE

127.   Paragraph 147 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.   Defendants incorporate by reference their responses to paragraphs 1–146.

128.   Answering paragraphs 148 and 149, this Court has dismissed the First Amendment claim asserted under Claim 1 with prejudice (Doc. 117); therefore, no response is required as to those allegations.   The remaining allegations are legal conclusions and thus require no response.

129.    Defendants admit the allegations in paragraph 150.  Defendants further allege that ADC intends to use any of the drug protocols in Department Order 710 (Charts A, B, C, or D) in an execution if it is able to obtain the required chemicals.

130.    Defendants deny the allegations in paragraphs 151 and 152.

131.    The Court has dismissed Claim One's First Amendment claim with prejudice (Doc. 117); therefore, no response is required as to paragraphs 153 and 154.

132.    Answering paragraph 155, this Court has dismissed the First Amendment claim asserted under Claim 1 with prejudice (Doc. 117); therefore, no response is required as to those allegations.  Defendants deny the remaining allegations in paragraph 155.

## CLAIM TWO

133.    Paragraph 156 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–155.

134.    The Court has dismissed Claim Two with prejudice (Doc. 117); therefore, no response is required as to paragraphs 156, 157, 158, 159, and 160.

## CLAIM THREE

135.    Paragraph 161 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–160.

136.    The Court has dismissed Claim Three with prejudice (Doc. 117); therefore, no response is required as to paragraphs 162 and 163.

## CLAIM FOUR

137.    Paragraph 164 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–163.

138.    The Court has dismissed Claim Four with prejudice (Doc. 117); therefore, no response is required as to paragraphs 165, 166, and 167.

**CLAIM FIVE**

139.    Paragraph 168 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–167.

140.    The Court has dismissed Claim Five with prejudice (Doc. 117); therefore, no response is required as to paragraphs 168, 169, 170, 171, 172, 173, 174, 175, and 176.

**CLAIM SIX**

141.    Paragraph 177 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–176.

142.    Defendants deny the allegations in paragraphs 178, 179, and 180.

**CLAIM SEVEN**

143.    Paragraph 181 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–180.

144.    Defendants deny the allegations in paragraph 182.

145.    Defendants deny the allegations in paragraph 183.

**CLAIM EIGHT**

146.    Paragraph 184 reasserts and incorporates the allegations contained in previous paragraphs, and therefore no further response is required.    Defendants incorporate by reference their responses to paragraphs 1–183.

147.    The Court has dismissed Claim Eight with prejudice (Doc. 117); therefore, no response is required as to paragraphs 185, 186, 187, 188, 190, 191, and 192.

**RELIEF REQUESTED**

The remainder of Plaintiffs' Complaint consists of their prayer for relief.    The State Defendants deny that Plaintiffs are entitled to any of the relief, fees, or costs requested.

1

**AFFIRMATIVE DEFENSES**

2      By way of further answer and defenses to the Complaint, Defendants allege that

3 Plaintiffs' claims are barred, in whole or in part, for the reasons set forth in the following

4 affirmative defenses.

5      1.      Plaintiffs fail to state a claim upon which relief can be granted.

6      2.      Defendants, at all times alleged herein, acted professionally and pursuant to

7 legitimate penological interests and in compliance with all constitutional amendments.

8      3.      Plaintiffs failed to exhaust prison administrative remedies as are available;

9 and therefore, their claims are barred by 42 U.S.C. § 1997e(a) whether denominated as an

10 affirmative defense, subject matter jurisdiction, quasi-jurisdictional, abatement or a

11 condition precedent.

12     4.      The Complaint should be dismissed because Plaintiffs' unclean hands

13 and/or bad faith preclude the relief being sought;

14     5.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res*

15 *judicata* and/or estoppel;

16     6.      Plaintiffs' claims are barred, in whole or in part, under the doctrines of

17 mootness and/or ripeness; and

18     7.      Defendants reserve the right to supplement the foregoing and raise

19 additional affirmative defenses based on information produced and disclosed during

20 litigation as permitted under applicable law.

21 / / /

22 / / /

23 / / /

24

25

26

27

28

23

WHEREFORE, Defendants respectfully request judgment dismissing Plaintiffs' Second Amended Complaint, together with all costs and reimbursement for defense of this action and such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of May, 2016.

Mark Brnovich
Attorney General

David Weinzweig
Lacey Stover Gard
John Pressley Todd
Jeffrey L. Sparks
Assistant Attorneys General

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Dale A. Baich
Jessica L. Felker
Assistant Federal Public Defenders
850 W. Adams St., Ste 201
Phoenix, Arizona  85007
Counsel for Inmate Plaintiffs

Mark E. Haddad
Joshua E. Anderson
Alycia A. Degen
Katherine A. Roberts
Collin P. Wedel
Matt Light
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Counsel for Inmate Plaintiffs

s/   Liz Gallagher

4893475