**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,

Plaintiffs,

v.

Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC – Eyman; Greg Fizer, Warden, ASPC – Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC,

Defendants.

No. CV-14-01447-PHX-NVW

**ORDER**

Before the Court is the Plaintiffs' Motion for Entry of Final Judgment as to Claims 3 and 4. (Doc. 125.) On May 18, 2016, the Court partially granted Defendants' Motion to Dismiss the Second Amended Complaint, dismissing several of Plaintiffs' claims, including Claims 3 and 4, which alleged First Amendment violations. (Doc. 117.) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs ask the Court to enter judgment on those claims. As set forth herein, the motion is denied.

**<u>APPLICABLE LAW</u>**

When more than one claim for relief is presented in an action, or when multiple parties are involved, entry of final judgment as to one or more but fewer than all of the claims or parties is appropriate "only if the court expressly determines that there is no just

reason for delay." Fed. R. Civ. P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison–Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir.1985); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n. 2 (9th Cir.2004) ("in the interest of judicial economy Rule 54(b) should be used sparingly"). The Ninth Circuit has emphasized that "[w]e cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005).

"The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted). The court must first determine that it has rendered a "final judgment," that is, a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (quotation omitted); *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The ruling in the order of May 18, 2016, disposes of all claims by a party and therefore, if reduced to a separate document and certified as final, that separate document would be a final, appealable judgment. Rule 58(a).

The court must then determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 8. In making that determination, the court "must take into account judicial administrative interests as well as the equities involved . . . to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (citation omitted) Courts can also consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Similar legal and factual issues between the parties' claims "will weigh

heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (citation omitted).

**ANALYSIS**

Defendants contend that Claims 3 and 4 overlap significantly with the remaining claims in the Second Amended Complaint. Specifically, they argue that "Plaintiffs have tightly woven Defendants' purported concealment of information—the conduct challenged in Claims 3 and 4—into Claims 1, 6, and 7." (Doc. 131 at 6.) The Court agrees that the factual allegations in Claims 3 and 4 are interrelated with those supporting Claims 6 and 7.[1]

Claims 6 and 7 allege Eighth Amendment and due process violations based on Defendants' failure to follow, and discretion to deviate from, the written execution protocol. In Claims 3 and 4, the First Amendment Coalition and the Inmates, respectively, alleged that Defendants violated their First Amendments rights by concealing facts such as the source, quality, and amounts of drugs used in executions, and the timing, method, and effect of the administration of the drugs.

As Defendants note, the Second Amended Complaint contains a single set of "Relevant Facts" that applies to all the claims. *See Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 629 (9th Cir. 2015) (finding Rule 54(b) order not appropriate where "the complaint present[s] one section entitled 'Factual Allegations Related to All Counts.'"). The "Relevant Facts" includes a section entitled "Arizona's Continued Refusal to Cabin Its Discretion and Provide Transparency." (Doc. 97 at 37.)

There is a factual overlap between the dismissed First Amendment claims and Claims 6 and 7. In both sets of claims, Plaintiffs allege that Defendants have deliberately

---

[1] Claim 1 consists of an Eighth Amendment challenge to the lethal injection protocol that used midazolam and a paralytic. Defendants have removed midazolam from their protocols and have moved to dismiss Claim 1 as moot. (Doc. 135.) Briefing on that issue is ongoing. The Court previously dismissed Plaintiff's argument that the use of a paralytic in combination with midazolam violated their First Amendment rights. (Doc. 117 at 19.)

concealed information and prevented access to the execution proceedings. (*See*, *e.g.*, Doc. 97, ¶¶ 162, 183.) For example, in Claim 3, the Coalition alleged that Defendant violated its First Amendment rights by preventing it from:

> observing the provenance and amounts of drugs actually used, the timing and method of their administration, and their effect upon the prisoner—from the time the prisoner is escorted to the execution chamber until the prisoner dies—and by failing to disclose, in advance of the execution, details about the drugs used, the rationale for the selection of these drugs and their dosages, the chain of custody in how the drugs were obtained and stored, the qualifications and training of the persons administering them, and Defendants' ability to respond and preparation for responding to complications. . . .

(*Id.*, ¶ 162.) In Claim 7, the Inmates allege that Defendants have violated their due process rights "[b]y deliberately concealing information about the specific drugs, expiration dates, provenance, storage, dosages, administration technique, and other details about how ADC intends to execute Condemned Plaintiffs." (*Id.*, ¶ 183.)

Plaintiffs argue that the First Amendment claims are legally distinguishable from the Eighth Amendment and due process claims. (Doc. 125 at 4.) For purposes of Rule 54(b), however, "'The word 'claim' . . . refers to a set of facts giving rise to legal rights in the claimant.'" *Purdy Mobile Homes v. Champion Home Bldrs.*, 594 F.2d 1313, 1316 (9th Cir. 1979) (quoting *CMAX, Inc. v. Drewry*, 295 F.2d 695, 697 (9th Cir. 1961)).

The dismissed claims therefore share "common and intersecting facts" with pending claims. *Jewel*, 810 F.3d at 629. This "weigh[s] heavily against entry of judgment." *Gregorian*, 871 F.2d at 1519. Plaintiffs have not made the required showing that a Rule 54(b) order is "necessary to avoid a harsh and unjust result." *Id.*

Plaintiffs contend that "the equities in favor of Rule 54(b) certification." (Doc. 125 at 5.) They argue that because the Coalition has no remaining claims pending, there is no reason to delay the appeal. (*Id.*) Plaintiffs also assert that they will be prejudiced if the appeal is postponed because, even if they ultimately prevail on their First Amendment claims, executions might take place before the appeal is completed. (*Id.*) "In such a case, the harm to Plaintiffs from having been deprived access to information about each execution will be irreversible." (*Id.*)

Plaintiffs' arguments are not persuasive. First, while the Coalition has no remaining claims, the Inmates are a party to the dismissed Claim 4 and to Claims 6 and 7. *See Jewel*, 810 F.3d at 630 (citing *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 44 (1st Cir. 1988) ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below.")).

Next, the Coalition's desire to proceed with the appeal immediately is not a sufficient basis for granting judgment on Claims 3 and 4. *See Spiegel*, 843 F.2d at 42 (explaining that "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants"). Similarly, Plaintiffs' speculation about the possible outcome of their appeal on the First Amendment claims is not grounds for certification. "To entertain an early appeal just because reversal of a ruling made by the district court *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse." *Id.* at 46.

Finally, because of the overlap between the operative facts supporting the dismissed claims and the pending claims, applying Rule 54(b) would lead to multiple appeals and piecemeal litigation. *See Wood* , 422 F.3d at 880 (9th Cir. 2005); *see also Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (explaining that claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal.") (quotation omitted); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) ("The present case illustrates the wisdom of this principle because if we were to decide this appeal, we undoubtedly would be required to relearn the same set of facts if and when the case returned to us on appeal from the district court's final judgment").

The facts concerning Arizona's alleged refusal to limit its discretion and provide transparency apply to all the claims, including the dismissed First Amendment claims and the remaining Eighth Amendment and due process claims. As discussed above, these facts concern the provenance, dosages, and other details about the execution drugs, the

timing and method of their administration, their effect upon the prisoner, and the qualifications and training of the persons administering them. (*See* Doc. 97, ¶¶ 162, 183.) If the Court granted Plaintiffs' motion, the Ninth Circuit would inevitably hear later appeals based "on the same set of facts." *Wood*, 422 F.3d at 879; *see Jewel*, 810 F.3d at 628.

**CONCLUSION**

Plaintiffs have not met their burden of showing that the circumstances of the case merit Rule 54(b) judgment. The factual overlap between the dismissed claims and the pending claims weighs heavily against entry of judgment. Plaintiffs have not demonstrated that entry of judgment is necessary to avoid a harsh and unjust result.

Accordingly

IT IS ORDERED denying Plaintiffs' Motion for Entry of Final Judgment as to Claims 3 and 4. (Doc. 125.)

Dated this 10th day of August, 2016.

Neil V. Wake
Senior United States District Judge