# APPENDIX A

## APPENDIX A

## REQUESTS FROM PLAINTIFFS' INITIAL DISCOVERY REQUESTS

**Hedlund Interrogatory No. 6:** Describe in detail all of ADC's efforts to obtain additional supplies of midazolam since the execution of Mr. Wood, including ADC's methods for locating prospective manufacturers/suppliers, the IDENTITY of each manufacturer/supplier contacted (including whether it is foreign or domestic), the date(s) thereof, and the status of any request/inquiry for midazolam by ADC (including any follow-up ADC has made or intends to make).

**Hedlund Interrogatory No. 7:** DESCRIBE each DOCUMENT and COMMUNICATION concerning ADC's efforts to obtain additional supplies of midazolam, including, but not limited to, all DOCUMENTS and COMMUNICATIONS referenced or relied upon in response to Interrogatory No. 6.

**Hedlund Interrogatory No. 8:** If ADC has attempted to obtain compounded midazolam, describe in detail all of ADC's efforts to obtain compounded midazolam since the execution of Mr. Wood, including ADC's methods for locating prospective compounding pharmacies/suppliers, the IDENTITY of each pharmacy/supplier contacted (including whether it is foreign or domestic), the date(s) thereof, and the status of any request/inquiry for compounded midazolam by ADC (including any follow-up ADC has made or intends to make).

**Hedlund Interrogatory No. 9:** DESCRIBE each DOCUMENT and COMMUNICATION concerning ADC's efforts to obtain compounded midazolam, including, but not limited, to all DOCUMENTS and COMMUNICATIONS referenced or relied upon in response to Interrogatory No. 8.

**Hedlund Interrogatory No. 10:** If ADC has *not* attempted to obtain compounded midazolam, please state all reasons why not.

**Hedlund Interrogatory No. 16:** DESCRIBE all COMMUNICATIONS ADC has had with any other state or federal agencies or departments of corrections, including from the states that have carried out executions since January 1, 2015, regarding drugs for lethal injection, including the IDENTITY of any prospective source(s) for any execution drug(s) identified therefrom (including whether the source is foreign or domestic), which drug(s) the COMMUNICATION(S) concerned, and the status of any follow-up inquiry/request(s) for the drug(s) by ADC (including any follow-up ADC has made and intends to make).

**Smith Interrogatory No. 1:** If YOU contend that disclosure of information identifying the source(s) of execution drugs may cause the source(s) to refuse to continue providing execution drugs to ADC, state in detail all facts that support YOUR contention, including

by describing each instance where a drug manufacturer or supplier has refused to continue to provide execution drugs to ADC or any other state or federal department of corrections for use in lethal injection after being publicly identified as a source of execution drugs, and by IDENTIFYING each such manufacturer or supplier and when.

**Smith Interrogatory No. 2:** If YOU contend that disclosure of information identifying the source(s) of execution drugs may expose the source(s) to threats or intimidation by lethal injection opponents, state in detail all facts that support YOUR contention, including by describing each instance where a drug manufacturer or supplier has been threatened or intimidated by lethal injection opponents after being publicly identified as a source or prospective source of execution drugs, IDENTIFYING each such manufacturer or supplier, and providing a DESCRIPTION of each such threatening COMMUNICATION.

**Request for Production No. 4:** All DOCUMENTS (including COMMUNICATIONS) REGARDING ADC' efforts to obtain drugs for lethal injection since January 1, 2011, including, but not limited to, all DOCUMENTS and COMMUNICATIONS REGARDING ADC' methods for searching for manufacturers/suppliers or identifying actual or potential manufactures/suppliers, all COMMUNICATIONS with or REGARDING actual or potential manufactures/suppliers, all COMMUNICATIONS with other state or federal agencies or departments of corrections REGARDING actual or potential manufacturers/suppliers of drugs for lethal injection, and all purchase orders or invoices for the purchase or acquisition of drugs for lethal injection.

**Request for Production No. 19:** All DOCUMENTS (including COMMUNICATIONS) REGARDING any administrative challenge(s) and/or request(s) ADC has made, or intends to make, to the FDA or other federal agencies regarding importing drugs for use in lethal injection, including any pleadings, submissions, or correspondence

**APPENDIX A**
**REQUESTS FROM PLAINTIFFS' INITIAL DISCOVERY REQUESTS**

# APPENDIX B

**APPENDIX B**

**REQUESTS FROM PLAINTIFFS' AUGUST DISCOVERY REQUESTS**

**Request for Admission No. 1:** Admit that, other than as reflected in the document YOU produced with Bates number ADC000180, ADC has had no COMMUNICATIONS with any SUPPLIER for the purpose of obtaining MIDAZOLAM during the period between January 1, 2014 to the present.

**Request for Admission No. 2:** Admit that ADC has had no COMMUNICATIONS with any SUPPLIER for the purpose of obtaining MIDAZOLAM during the period between January 26, 2016, and July 29, 2016.

**Request for Admission No. 3:** Admit that ADC has had no COMMUNICATIONS with any STATE regarding obtaining MIDAZOLAM during the period between January 1, 2014, and the present.

**Request for Admission No. 4:** Admit that ADC has had no COMMUNICATIONS with any STATE regarding obtaining MIDAZOLAM during the period between January 26, 2016, and July 29, 2016.

**Smith Interrogatory No. 8:** DESCRIBE all COMMUNICATIONS between ADC and any SUPPLIER regarding MIDAZOLAM during the period between January 1, 2014, and the present.

**Smith Interrogatory No. 9:** IDENTIFY each SUPPLIER with which ADC COMMUNICATED regarding MIDAZOLAM during the period between January 1, 2014, and the present.

**Smith Interrogatory No. 10:** IDENTIFY each SUPPLIER that has informed ADC, between January 1, 2014, and the present, that it will not provide ADC with MIDAZOLAM.

**Smith Interrogatory No. 11:** For each SUPPLIER identified in YOUR response to Interrogatory No. 10, DESCRIBE ADC's COMMUNICATIONS with such SUPPLIER.

**Smith Interrogatory No. 12:** DESCRIBE all COMMUNICATIONS between ADC and any STATE regarding MIDAZOLAM, during the period between January 1, 2014, and the present.

**Smith Interrogatory No. 13:** If YOUR response to any of Plaintiffs' concurrently served Requests for Admission is anything but an unqualified admission, for each response that is not an unqualified admission, state all facts, including DOCUMENTS, upon which YOUR response is based.

**APPENDIX B**
**REQUESTS FROM PLAINTIFFS' AUGUST DISCOVERY REQUESTS**

**Smith Interrogatory No. 14:** State all facts supporting Carson McWilliams's testimony that "The Department [ADC] is unable to obtain midazolam." *See* July 29, 2016, Declaration of Carson McWilliams ¶ 5.

**Request for Production No. 1:** All DOCUMENTS REGARDING YOUR responses to PLAINTIFFS' concurrently served Requests for Admission and Interrogatories.

**Request for Production No. 2:** All DOCUMENTS supporting Carson McWilliams's testimony that "The Department [ADC] is unable to obtain midazolam." *See* July 29, 2016, Declaration of Carson McWilliams ¶ 5.

**Matter for Examination of ADC No. 1:** All COMMUNICATIONS, from January 1, 2014, to the present, between ADC and any SUPPLIER REGARDING MIDAZOLAM.

**Matter for Examination of ADC No. 2:** ADC's attempts, efforts, plans, strategies and/or COMMUNICATIONS WITH any PERSON, from January 1, 2014, to the present, REGARDING obtaining MIDAZOLAM.

# APPENDIX C

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE DISTRICT OF ARIZONA**

10

11   First Amendment Coalition of Arizona,   No. 2:14-cv-01447-NVW-JFM
     Inc.; Charles Michael Hedlund; Graham S.
12   Henry; David Gulbrandson; Robert
     Poyson; Todd Smith; Eldon Schurz; and
13   Roger Scott,                              **[PROPOSED] STIPULATED**
                         Plaintiffs,           **PROTECTIVE ORDER**
14        *v.*
15   Charles L. Ryan, Director of ADC; James
     O'Neil, Warden, ASPC–Eyman; Greg
16   Fizer, Warden, ASPC–Florence; and Does
     1-10, Unknown ADC Personnel, in their
17   official capacities as Agents of ADC,
                         Defendants.
18

19

20   1.    PURPOSES, LIMITATIONS, AND GOOD CAUSE

21          This action may involve the disclosure in discovery of non-public business,

22   governmental, and law-enforcement-related information or documents that the

23   disclosing party claims, if disclosed, is likely to result in harm to the disclosing party;

24   non-public communications with regulators and other governmental bodies that are

25   claimed to be protected from disclosure by statute or regulation; or information that is

26   the subject of a Protective Order obtained pursuant to Fed. R. Civ. Proc. 26(c)(1)(G).

27   Accordingly, to expedite the disclosure of information and documents, to facilitate the

28   prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the parties and third parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter, and the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. The parties acknowledge, however, that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 5.6 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.   DEFINITIONS

2.1   Action:  *First Amendment Coalition, et al. v. Ryan, et al.*

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Sections 2.3, 2.8, 7.2 and 7.3 of this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4   Counsel:  counsel of record in this Action (as well as their support staff).

2

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Disclosure or Discovery Material</u>:  all documents, items, or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as a testifying expert witness or as an expert consultant in this Action.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive Confidential Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, governmental agency, or other legal entity not named as a Party to this action.

2.10   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, and their support staff.

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

      (a)   <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given or statements made in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or statements and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony or statements that is entitled to protection and it appears that substantial portions of the testimony or statements may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony or statements as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that

are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. If the basis of the Challenging Party's challenge is the same for a group of Disclosure or Discovery Material, the Challenging Party may provide written notice of the group of Disclosure or Discovery Material challenged and the basis for the challenge to the designation of the group of Disclosure or Discovery Material. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

1  Designating Party is unwilling to participate in the meet and confer process in a timely

2  manner.

3        6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

4  court intervention, the Designating Party shall file and serve a motion to retain

5  confidentiality under Civil Local Rule 5.6 (and in compliance with Civil Local Rule 79,

6  if applicable) within 21 days of the initial notice of challenge or within 14 days of the

7  Parties agreeing that the meet and confer process will not resolve their dispute,

8  whichever is earlier. Each such motion must be accompanied by a competent declaration

9  affirming that the movant has complied with the meet and confer requirements imposed

10  in the preceding paragraph. Failure by the Designating Party to make such a motion

11  including the required declaration within 21 days (or 14 days, if applicable) shall

12  automatically waive the confidentiality designation for each challenged designation. In

13  addition, the Challenging Party may file a motion challenging a confidentiality

14  designation at any time if there is good cause for doing so, including a challenge to the

15  designation of a deposition transcript or any portions thereof. Any motion brought

16  pursuant to this provision must be accompanied by a competent declaration affirming

17  that the movant has complied with the meet and confer requirements imposed by the

18  preceding paragraph.

19        The burden of persuasion in any such challenge proceeding shall be on the

20  Designating Party. Unless the Designating Party has waived the confidentiality

21  designation by failing to file a motion to retain confidentiality as described above, the

22  Parties shall continue to afford the material in question the level of protection to which it

23  is entitled under the Producing Party's designation until the court rules on the challenge.

24  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

25        7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

26  disclosed or produced by another Party or by a Non-Party in connection with this case

27  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

28

1    Material may be disclosed only to the categories of persons and under the conditions

2    described in this Order. When the litigation has been terminated, a Receiving Party must

3    comply with the provisions of section 13 below (FINAL DISPOSITION).

4         Protected Material must be stored and maintained by a Receiving Party at a

5    location and in a secure manner that ensures that access is limited to the persons

6    authorized under this Order.

7         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

8    ordered by the court or permitted in writing by the Designating Party, a Receiving Party

9    may disclose any information or item designated "CONFIDENTIAL" only to:

10        (a) the Receiving Party's Counsel, as well as employees of said Counsel to

11   whom it is reasonably necessary to disclose the information for this litigation and who

12   have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto

13   as Exhibit A;

14        (b) the officers, directors, and employees of the Receiving Party to whom

15   disclosure is reasonably necessary for this litigation and who have signed the

16   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17        (c) the Parties who have signed the "Acknowledgment and Agreement to

18   Be Bound" (Exhibit A);

19        (d) Experts of the Receiving Party to whom disclosure is reasonably

20   necessary for this litigation and who have signed the "Acknowledgment and Agreement

21   to Be Bound" (Exhibit A);

22        (e) the court and its personnel;

23        (f) court reporters and their staff, professional jury or trial consultants, and

24   Professional Vendors to whom disclosure is reasonably necessary for this litigation and

25   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26        (g) during their depositions, witnesses in the action to whom disclosure is

27   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

28

Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

1   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

2   that is attached hereto as Exhibit A.

3   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

4   <u>PROTECTED MATERIAL</u>

5       If information is produced in discovery that is subject to a claim of privilege or of

6   protection as trial-preparation material, the Party making the claim may notify any Party

7   that received the information of the claim and the basis for it. After being notified, a

8   Party must promptly return or destroy the specified information and any copies it has

9   and may not sequester, use or disclose the information until the claim is resolved. This

10   includes a restriction against presenting the information to the court for a determination

11   of the claim. This provision is not intended to modify whatever procedure may be

12   established in an e-discovery order that provides for production without prior privilege

13   review. Pursuant to Federal Rule of Evidence 502(d), any waiver of a privilege or

14   protection for the purposes of this litigation shall not serve as a waiver of said privilege

15   or protection for the purposes of any other federal or state proceeding. Pursuant to

16   Federal Rule of Evidence 502(e), insofar as the Parties reach an agreement on the effect

17   of disclosure of a communication or information covered by the attorney-client privilege

18   or work product protection, the Parties may incorporate their agreement in the stipulated

19   protective order submitted to the court.

20   12.   <u>MISCELLANEOUS</u>

21       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

22   person to seek its modification by the court in the future.

23       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

24   Protective Order no Party waives any right it otherwise would have to object to

25   disclosing or producing any information or item on any ground not addressed in this

26   Stipulated Protective Order. Similarly, no Party waives any right to object on any ground

27   to use in evidence of any of the material covered by this Protective Order.

28

1        12.3   <u>Filing Protected Material</u>. Without written permission from the

2    Designating Party or a court order secured after appropriate notice to all interested

3    persons, a Party may not file in the public record in this action any Protected Material. A

4    Party that seeks to file under seal any Protected Material must comply with Civil Local

5    Rules 5.6 and 79. Protected Material may only be filed under seal pursuant to a court

6    order authorizing the sealing of the specific Protected Material at issue. If a Receiving

7    Party's request to file Protected Material under seal pursuant to Civil Local Rule 5.6(d)

8    is denied by the court, then the Receiving Party may file the Protected Material in the

9    public record pursuant to Civil Local Rule 5.6(e) unless otherwise instructed by the

10   court.

11   13.   <u>FINAL DISPOSITION</u>

12       Within 60 days after the final disposition of this action, as defined in Section 4

13   (DURATION), each Receiving Party must return all Protected Material to the Producing

14   Party or destroy such material. As used in this subdivision, "all Protected Material"

15   includes all copies, abstracts, compilations, summaries, and any other format

16   reproducing or capturing any of the Protected Material. Whether the Protected Material

17   is returned or destroyed, the Receiving Party must submit a written certification to the

18   Producing Party (and, if not the same person or entity, to the Designating Party) by the

19   60-day deadline that (1) identifies (by category, where appropriate) all the Protected

20   Material that was returned or destroyed and (2) affirms that the Receiving Party has not

21   retained any copies, abstracts, compilations, summaries or any other format reproducing

22   or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

23   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

24   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

25   expert reports, attorney work product, and consultant and expert work product, even if

26   such materials contain Protected Material. Any such archival copies that contain or

27

28

15

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  August __, 2016          *s/      Joshua E. Anderson*
                                         Joshua E. Anderson
                                         Attorneys for Plaintiffs


DATED:  August __, 2016          *s/*
                                         Jeffrey Sparks
                                         Attorneys for Defendants




                    *    *    *    *    *

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  August __, 2016          _____
                                         Judge Neil V. Wake
                                         United States District Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the District of Arizona on [date] in the case of *First

Amendment Coalition, et al. v. Ryan et al.*, Case No. 2:14-cv-01447-NVW-JFM. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I agree to submit to the jurisdiction of the United States District Court for the

District of Arizona for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my Arizona agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed Name: _____


Signature: _____

17

1

**Certificate of Service**

2

I hereby certify that on August 22, 2016, I electronically filed the foregoing

3

Appendices with the Clerk's Office by using the CM/ECF system. I certify that all

4

participants in the case are registered CM/ECF users and that service will be

5

accomplished by the CM/ECF system.

6

s/ Haily Reichert

7

Assistant Paralegal

8

Capital Habeas Unit

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28