MARK BRNOVICH
ARIZONA ATTORNEY GENERAL
Firm State Bar No. 14000

SOLICITOR GENERAL'S OFFICE
David D. Weinzweig (018687)
Senior Litigation Counsel

CAPITAL LITIGATION SECTION
Lacey Stover Gard (022714)
Section Chief Counsel
John Pressley Todd (003863)
Jeffrey L. Sparks (027536)
Assistant Attorneys General

1275 West Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
David.Weinzweig@azag.gov
CADocket@azag.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,<br><br>Plaintiffs,<br><br>v.<br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC-Eyman; Greg Fizer, Warden, ASPC-Florence,<br><br>Defendants. | No. 2:14–cv–01447–NVW<br><br>**BRIEF RE: EFFECT OF OHIO'S USE OF MIDAZOLAM ON DEFENDANT'S MOTION TO DISMISS CLAIM 1**<br><br>(Assigned to the Honorable Neil Wake) |

This Court ordered Defendants to explain whether Ohio's use of midazolam defeats their argument that Claim 1's constitutional challenge to the use of midazolam in a three-drug lethal injection protocol is moot since the Arizona Department of Corrections ("ADC") is

unable to acquire midazolam and has removed midazolam from its execution protocols. For the following reasons, Ohio's use of midazolam does not defeat Defendants' argument.

On July 29, 2016, Defendants filed a motion to dismiss Claim 1, arguing that no case or controversy remained regarding Plaintiffs' challenge to Protocol C, a three-drug protocol with midazolam as the first drug. (Doc. 135.) Defendants argued that the claim was moot because the State of Arizona had no unexpired midazolam and its previous midazolam supplier announced that it would no longer provide lethal injection drugs. (*Id.*) Since Defendants filed their motion, the parties have engaged in related discovery. (*See* Docs. 136, 138, 139, 141, 142, 143.) On October 7, 2016, this Court issued an Order noting that the State of Ohio had midazolam and intended to begin conducting executions using that drug in January 2017. (Doc. 144.)

Ohio's use of midazolam does not affect Defendants' argument that Claim 1 no longer presents a live case or controversy. Foremost, availability aside, ADC has committed to removing midazolam as an option from Department Order 710 and now unequivocally commits not to use midazolam again, even if it becomes available.[1] Additionally, undersigned counsel spoke with a representative from Ohio who stated that Ohio is prohibited from disclosing any information that would lead to the identification of its midazolam supplier. Consequently, even if ADC had not removed midazolam as a drug option in its lethal injection procedures, it has no means to discover from where Ohio obtained midazolam. Thus, the facts supporting Defendants' argument are unchanged and unaffected by events in Ohio: ADC will never again use midazolam in an execution even if it becomes available, ADC has committed to removing midazolam from Department Order 710, ADC has no unexpired midazolam, ADC's previous midazolam supplier has declared it will no longer provide drugs for use in

---

[1] Although ADC has not yet formally amended Department Order 710 to remove midazolam, it will do so imminently, at the same time it adopts any changes to the provisions addressing the scope of discretion afforded the Director of ADC. (*See* Doc. 135, at 2 n.1.) ADC is currently considering Plaintiffs' proposed revisions to these portions of Department Order 710, and is drafting further revisions that it will submit to Plaintiffs upon completion.

lethal injection, and ADC is not aware of an available source of midazolam. (Doc. 135–1, at ¶¶ 2–6.)

Finally, ADC's commitment not to use midazolam in an execution does not trigger the voluntary cessation exception to mootness. When a challenged practice is no longer ongoing, it is not moot "if that policy was abandoned voluntarily and might reasonably recur." *United States v. Brandau*, 578 F.3d 1064, 1068 (9th Cir. 2009). Neither requirement for voluntary cessation is satisfied here. First, as stated in Defendant's motion to dismiss, ADC did not voluntarily abandon midazolam. Although ADC will no longer use midazolam even if it becomes available, its present unavailability prompted ADC to remove the drug from its lethal injection procedures. (*See* Doc. 135–1, at ¶¶ 5–6.) Nor is the use of midazolam likely to "reasonably recur" since ADC has unequivocally stated that it will not use the drug and will remove it from Department Order 710. The voluntary cessation doctrine does not apply where, as here, the change in policy is "permanent." *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (agency's memorandum that was "broad in scope and unequivocal in tone" reflected a permanent change in policy demonstrating that challenged conduct could not reasonably be expected to recur).

Moreover, to overcome mootness, "the defendant's voluntary cessation must have arisen *because of* the litigation." *Pub. Util. Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996) (citing *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 816 (9th Cir. 1995)). Here, ADC ceased to use midazolam not because of this litigation, but instead due to the drug's expiration and unavailability. *See Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1511 (9th Cir. 1994) (plaintiffs could not avoid mootness under voluntary cessation exception where defendant did not voluntarily cease challenged action in response to lawsuit).

/ / /

/ / /

/ / /

1 Ohio's use of midazolam does not defeat Defendants' mootness argument both because ADC has unequivocally stated that it will not use midazolam in an execution and midazolam remains unavailable to ADC. As a result, this Court should grant Defendants' motion to dismiss Claim 1.

DATED October 17, 2016.

                                            OFFICE OF THE ARIZONA ATTORNEY GENERAL

                                            /s/ Jeffrey L. Sparks_____
                                            David D. Weinzweig
                                            Lacey Stover Gard
                                            John Pressley Todd
                                            Jeffrey L. Sparks

                                            Attorneys for Defendants

1  I hereby certify that the foregoing document was electronically filed using the CM/ECF System on October 17, 2016.

2

3  I further certify that a copy of the foregoing was transmitted by a Notice of Electronic Filing to the CM/ECF registrants on record in this matter on October 17, 2016.

4

5

6  By: /s/  Liz Gallagher

7

8  5381395