# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz, and Roger Scott, <br><br>Plaintiffs, <br><br>v. <br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC—Eyman; Greg Fizer, Warden, ASPC—Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC, <br><br>Defendants. | No. CV-14-01447-PHX-NVW <br><br>**ORDER** |

The Court has reviewed the parties' Joint Status Report (Doc. 159) wherein they presented their proposed Discovery Plans. On the basis of their Discovery Plans, and in interest of expediting the resolution of this action,

**IT IS HEREBY ORDERED:**

1. <u>Supplemental Pleading</u>. Plaintiffs must file a Supplemental Pleading detailing its due process claims stemming from the ADC's Revised Execution Protocol (Doc. 159-1) no later than **Friday, February 24, 2017**.

2. <u>Discovery Limitations</u>. Depositions in this case shall be limited to four hours each unless extended by agreement of the parties. The number of depositions and interrogatories shall be as limited in Rules 30(a)(1) and 33(a)(1) of the Federal Rules of

Civil Procedure. Each subpart of any interrogatory, request for admission, or request for production of documents shall count as a separate interrogatory, request for admission, or request for production of documents. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

    3. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery, including all disclosure required under Rule 26(a)(3), shall be **March 24, 2017**. To ensure compliance with this deadline, the following rules shall apply:

    a. <u>Depositions</u>: All depositions shall be scheduled to commence in time to be completed before the discovery deadline and at least five working days prior to the discovery deadline.

    b. <u>Written Discovery:</u> All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline.

    c. Notwithstanding LRCiv 7.3(c), the parties may mutually agree in writing, without court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this order.

    4. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

    a. The parties shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure as to issues upon which the disclosing party bears the burden of proof no later than **April 14, 2017**.

    b. Rebuttal expert disclosures, if any, shall be made no later than **May 12, 2017**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    c. Expert depositions shall be completed no later than **June 9, 2017**. As with fact witness depositions, expert depositions shall be scheduled to commence in

time to be completed before this discovery deadline and at least five working days before the deadline.

   d. No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2004)

  5. <u>Discovery Disputes</u>.

   a. The parties shall not file written discovery motions without leave of court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute with explanation of the position taken by each party and (2) a written certification that the counsel or the parties have attempted to resolve the matter through <u>personal</u> consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to <u>personally</u> consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j).

   b. If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

   c. Discovery disputes must be promptly resolved or presented to the Court for decision. Discovery disputes must be presented in time to be decided and, if relief is granted, complied with before expiration of the discovery deadline or they will

be deemed waived.  Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

6. <u>Deadline for Filing Dispositive Motions and Motions Challenging Expert Testimony</u>.

  a. If no expert disclosures are exchanged, dispositive motions and motions challenging expert testimony must be filed no later than 28 days after the deadline for completion of fact discovery.  If expert disclosures are exchanged, dispositive motions and motions challenging expert testimony must be filed no later than 28 days after the deadline for close of expert discovery.  If opposing parties intend to file dispositive motions, sequential briefing is preferred over simultaneous briefing.  Any party may file a cross-motion when responding to an opposing party's dispositive motion.

  b. No party or parties represented by the same counsel may file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless by leave of the Court.

  c. Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

  d. A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to LRCiv 7.2(f).  The Court will issue a minute entry order scheduling oral argument as it deems appropriate.

7. <u>Pre-motion Conference</u>.  The Court will hold a conference with the parties before motions for summary judgment are filed.  The purpose of the conference will be to narrow issues and focus the briefing, and perhaps dispense with statements of fact under Local Rule 56.1.  The parties shall exchange two-page letters describing any anticipated

motions for summary judgment and responses, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The parties shall file these letters with the Court no later than the date for close of all discovery and preferably earlier. The parties shall call the Court the same day to schedule a time for a pre-motion conference.

       8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **July 7, 2017**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint Report on Settlement Talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

       The Court will set a settlement conference before a magistrate judge upon request of all parties.

       The parties are encouraged to discuss settlement at all times during the pendency of the litigation. The Court will not, however, extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly.

       9.    <u>Joint Proposed Pretrial Order</u>.

       a.    If no motions for summary judgment have been filed, then Plaintiffs shall lodge a Joint Proposed Pretrial Order by **July 7, 2017** at 5:00 p.m. Arizona time. The order shall be in the form found at www.azd.uscourts.gov under Judges' Orders, Forms & Procedures/Judge Wake. There are separate orders for cases being heard by a jury and cases being heard by the Court.

       b.    If summary judgment motions have been filed, the Court will set a time for lodging the Joint Proposed Pretrial Order after the resolution of such dispositive

motions.

10. <u>Final Pretrial Conference</u>. The parties who will be trying the case shall appear at the Final Pretrial Conference **TO BE SET BY LATER ORDER**.

11. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities accordingly. The Court will not extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge.

12. <u>Dismissal for Failure to Meet Deadlines of this Order or of the Rules</u>. The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions, **including dismissal of the action or entry of default**.

13. <u>Requirement for Paper Courtesy Copies</u>. Pursuant to Section II.D.3 of the Electronic Case Filing Administrative Policies and Procedures Manual, a paper courtesy copy of dispositive motions and responses and replies thereto and any document exceeding 10 pages in length shall be either post-marked and mailed directly to the judge or hand-delivered to the judge's mail box located in the courthouse the next business day after the electronic filing. Courtesy copies of documents too large for stapling must be submitted in three-ring binders or otherwise firmly bound. If courtesy copies have exhibits and/or attachments, they must be indexed and tabbed as set forth in the filing. If courtesy copies are not delivered within three days of the file date, the Court may strike the pleading summarily for failure to follow court rules and this order.

Dated this 13th day of February, 2017.

Neil V. Wake
Senior United States District Judge