MARK BRNOVICH
ARIZONA ATTORNEY GENERAL
(Firm State Bar No. 14000)

SOLICITOR GENERAL'S OFFICE
Keith J. Miller (029885)
Keith.Miller@azag.gov
Assistant Solicitor General

CAPITAL LITIGATION SECTION
Lacey Stover Gard (022714)
Section Chief Counsel

John Pressley Todd (003863)
Jeffrey L. Sparks (027536)
Assistant Attorneys General
Capital Litigation Section
1275 W. Washington
Phoenix, Arizona 85007–2997
Telephone: (602) 542–3333
E-mail: CADocket@azag.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,<br><br>Plaintiffs,<br><br>v.<br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC-Eyman; Greg Fizer, Warden, ASPC-Florence,<br><br>Defendants. | No. 2:14–cv–01447–PHX–NVW<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>(Honorable Neil V. Wake) |

Pursuant to the Court's Order of April 6, 2017 (Doc. 174), Defendants hereby submit this sur-reply to Plaintiffs' Reply (Doc. 176) ("Reply") to Defendants' Response (Doc. 171) ("Response") to this Court's Order to Show Cause (Doc. 166) ("Show Cause Order"). Plaintiffs' Reply fails to rebut Defendants' showing of substantial justification for their discovery objections.

Plaintiffs argue that Defendants' Response does not attempt to justify their objections that the four interrogatories at issue were "overbroad, vague, [and] ambiguous." (Doc. 176 at 2.) They are correct. Defendants provided the discovery responses reproduced in the Joint Discovery Dispute Summary (Doc. 164) in April 2016, in response to Plaintiffs' initial discovery requests. However, (excluding Defendants' overbreadth objection to Interrogatory No. 18, addressed below) when the parties met-and-conferred prior to filing the Joint Summary almost a year later, Defendants did not attempt to justify their refusal to answer on the basis that interrogatories were "overbroad, vague, [and] ambiguous." Instead, Defendants relied exclusively on relevance and privilege. Similarly, Defendants relied exclusively on relevance and privilege in arguing in support of their position in the parties' Joint Summary. (*See* Doc. 164 at 6–11.) Consequently, when the parties presented the dispute to the Court, Plaintiffs were well aware that Defendants no longer contended that the requests were overbroad, vague, and ambiguous, but asserted only that they were not required to answer on grounds of relevance and privilege.

Plaintiffs also contend that Defendants' overbreadth objection to Interrogatory No. 18 was not substantially justified because their amended response identified only two deviations or adjustments from the written lethal injection procedures. The fact that only two deviations existed does not change the fact that Plaintiffs' request that they list "each instance from April 1, 2010 through present where ADC has deviated from or otherwise changed or adjusted the written procedures … for an execution" was vastly overbroad considering that Department Order 710 contains dozens, if not hundreds, of provisions that have nothing to do with "central aspects of the execution process" (Doc. 117 at 13),

the core of this lawsuit. (*See, e.g.*, Department Order 710, effective date January 11, 2017, at 710.03 ¶ 1.2.8 (requiring that the Traffic Control Team consist of eight team members and a team leader).) A deviation from any of these multitudinous non-central requirements would have been subject to Plaintiffs' overbroad Interrogatory, yet had no conceivable bearing on the issues in this case. Had Plaintiffs' limited their request to deviations central to the execution process, Defendants would not have objected to the question's overbreadth.

Next, Defendants respectfully disagree that their relevance objections were frivolous. Based on this Court's Order (Doc. 117) granting in part and denying in part Defendants' Motion to Dismiss, Defendants understood the remaining two issues in the case to be whether Plaintiffs' allegations of "unlimited major deviations and claims of right to deviate threaten serious pain." (Doc. 117 at 13.) Interrogatories 2–4, however, asked Defendants to explain *why* the protocol did not reduce ADC's discretion in certain areas. Defendants reasonably contended that their reasons for not further limiting discretion had no bearing on whether the actual discretion the procedures allowed "threaten[s] serious pain." And though Plaintiffs are correct that Defendants objected to Interrogatory 18 on relevance grounds even before publishing the January 2017 procedures, the fact remains that the October 2015 protocol, in effect when Defendants first lodged that objection, also arguably rendered deviations under different versions of the procedures irrelevant. Even though this Court ultimately disagreed, finding that "the justification for the ADC Director's discretion to deviate from the established protocol" was at issue, Defendants were substantially justified in objecting on relevance grounds. *See Wilkins v. Maricopa Cty.*, No. CV–09–1380–PHX–LOA, 2010 WL 2231909, at *5 (D. Ariz. June 2, 2010) (party can be substantially justified in resisting discovery requests even when eventually overruled by the court).

Finally, Defendants' privilege objections were well justified. Though Defendants did not provide a formal privilege log, they complied with Fed. R. Civ. P. 26(b)(5)(A) by "describ[ing] the nature of the … communications … not produced or disclosed." (*See*

3

**1** Doc. 164 at 9–11.) And contrary to Plaintiffs' erroneous contention, Defendants
**2** acknowledged that the deliberative process privilege is qualified. (Doc. 164 at 9–10
**3** (citing *Thomas v. Cate*, 715 F.Supp.2d 1012, 1020 (E.D. Cal. 2010).) Here, Defendants
**4** were substantially justified in contending that whether Plaintiffs' allegations of
**5** "unlimited major deviations and claims of right to deviate threaten serious pain" (Doc.
**6** 117 at 13), not ADC's decision-making process in coming up with its lethal injection
**7** procedures, were the central issues in the case.

**8** Further, Plaintiffs' assertion that Defendants' amended responses to the
**9** interrogatories "reveal[] nothing that would or could have been subject to a valid
**10** assertion of attorney-client, work product, or deliberative process privilege" also fails.
**11** (Doc. 176 at 3.) All of the information Defendants were required to reveal in those
**12** responses—*i.e.*, ADC's reasons for drafting the procedures a particular way—was
**13** "predecisional" and contained "opinions … about policies." *See FTC v. Warner Comms.*,
**14** 742 F.2d 1156, 1161 (9th Cir. 1984). Moreover, largely because ADC's lethal injection
**15** procedures are currently and previously have been the subject of near-constant litigation,
**16** the information also was developed during "communications between an attorney and her
**17** client made in confidence for the purpose of securing legal advice from the lawyer,"
**18** *United States v. Chevron Texaco Corp.*, 241 F.Supp.2d 1065, 1069 (N.D. Cal. 2002), and
**19** "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3); *United States v. Richey*, 632 F.3d
**20** 559, 567 (9th Cir. 2011). Although this Court ultimately disagreed, Defendants were
**21** nonetheless justified in asserting those privileges. See *Wilkins*, 2010 WL 2231909, at \*5.
**22** / / /
**23** / / /
**24** / / /

4

DATED this 1st of May, 2017.

                                        MARK BRNOVICH
                                        ATTORNEY GENERAL

                                          <u>s/ Jeffrey L. Sparks</u>
                                          Keith J. Miller
                                          Lacey Stover Gard
                                          John Pressley Todd

                                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Dale A. Baich
dale_baich@fd.org
Office of the Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

Mark E. Haddad
mhaddad@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Attorneys for Plaintiffs

s/ Liz Gallagher

5901777