IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz, and Roger Scott,<br><br>Plaintiffs,<br><br>v.<br><br>Charles L Ryan, Director of ADC; James O'Neil, Warden, ASPC—Eyman; Greg Fizer, Warden, ASPC—Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC,<br><br>Defendants. | No. CV-14-01447-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' response to the Court's Order to Show Cause (Doc. 171, ref. 166). Defendants' objections to Plaintiffs' interrogatories were not substantially justified and Defendants must recompense Plaintiffs for the attorneys' fees to prepare their joint discovery dispute.

**I.  Background**

The two remaining claims in this action concern the extent and effect of the Arizona Department of Correction's Director's discretion to deviate from its execution protocol. After the Court denied Defendants' motion to dismiss these claims, the parties began discovery, which resulted in a discovery dispute that they presented to the Court for resolution (Doc. 164). At issue was Defendants' identical objection to four interrogatories:

>Defendants object to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overbroad, vague, ambiguous, and seeking information protected by the attorney-client, attorney work product, and deliberative process privileges.

The Court overruled the objections as frivolous and directed Defendants to show cause why fees should not be assessed for Plaintiffs' preparation of the discovery dispute (Doc. 166). The Court has reviewed the parties' briefing and finds that it does not disturb the initial conclusion that Defendants' objections to the requested discovery were not substantially justified. The Court will therefore direct the parties to confer and, if they are unable to agree on the amount of fees to recompense Plaintiffs, Plaintiffs may submit their proposed request and Defendants must respond with their objection.

## II. Legal Standard and Discussion

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the Court directs disclosure, it may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion compelling the discovery. The Court can decline to award this payment, however, if the nondisclosure was substantially justified. Fed. R. Civ. P. 37(a)(5)(A) (ii).

In its Order directing disclosure, the Court identified three bases for overruling Defendants' objections to Plaintiffs' discovery requests: (1) use of boilerplate objections, (2) unsupported relevance objections, and (3) groundless privilege assertions. Defendants maintain that their positions were "not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates." All of their justifications fall below the Rule 37 standard.

To start, while Defendants maintain that they abandoned their reliance on the entirety of their boilerplate objections, they offer no justification for their use in the first instance or their continued reliance on them (Doc. 176, Ex. B at 2-3). Such objections have been prohibited and are not justified. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000).

Defendants' relevance objections are similarly unjustified. The pervasive history of deviations from the execution protocol was explained in great detail in the Court's Order on Defendants' Motion to Dismiss (Doc. 117 at 4-8). Indeed, this history is the foundation of the only remaining issues in this case: the scope and legal effects of the Director's discretion to deviate from ADC's execution protocol. Consequently, the discovery Plaintiffs seek is not only relevant—it is the crux of the remaining issues to decide.

Finally, the deliberative process privilege is defeated when the government's decision-making process is central to a plaintiff's case. *See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). The fact that Defendants discussed the Director's discretion with their counsel does not insulate the reasons underlying the discretion from disclosure and, critically, Plaintiffs never requested information about what Defendants' counsel advised. And as Plaintiffs note, the small amount of material eventually disclosed contained nothing that justified the assertion of any privilege (Doc. 176, Ex. A at 12-16).

In short, the response to the Order to Show Cause does not shed any additional light concerning reliance on the challenged objections. Defendants' obstructionist discovery objections without serious basis undermined the progression of this action. Defendants' objections were not substantially justified.

**IT IS THEREFORE ORDERED** that Defendants are sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in the reasonable amount of Plaintiffs' attorneys' fees for preparation of the parties' first joint discovery dispute as Defendants' objections were not substantially justified.

**IT IS FURTHER ORDERED** that by May 30, 2017, Plaintiffs shall communicate to Defendants the amount of fees they are claiming, with written substantiation. If the parties are unable to agree upon the quantification of fees, Plaintiffs

/ / /

/ / /

may submit their proposed request with substantiation by June 9, 2017. Defendants may respond with substantiation by June 23, 2017. Plaintiffs may reply by June 30, 2017.

Dated: May 16, 2017.

*Neil V. Wake*
Senior United States District Judge