Jon M. Sands
Federal Public Defender, District of Arizona
Dale A. Baich (OH Bar No. 0025070)
dale_baich@fd.org
Jessica L. Felker (IL Bar No. 6296357)
Jessica_felker@fd.org
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602.382.2816 | 602.889.3960 facsimile

Counsel for Condemned Plaintiffs

Mark E. Haddad (CA Bar No. 205945)
mhaddad@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
213.896.6000 | 213.896.6600 facsimile

Counsel for the Coalition and Condemned Plaintiffs

Mark Brnovich
Attorney General
(Firm State Bar No. 14000)
Jeffrey L. Sparks (SBN 027536)
Assistant Attorney General
Capital Litigation Section
1275 West Washington
Phoenix, Arizona 85007-2997
602.542.4686 | CADocket@azag.gov

Counsel for Defendants
[additional counsel listed on signature page]

# United States District Court
## for the District of Arizona

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,<br><br>Plaintiffs,<br><br>v.<br><br>Charles L. Ryan, Director of ADC; James O'Neil, Warden, ASPC–Eyman; Greg Fizer, Warden, ASPC–Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC,<br><br>Defendants. | Case No. 2:14-cv-01447-NVW-JFM<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER FOR DISMISSAL OF CLAIMS SIX AND SEVEN** |

Plaintiffs Charles Michael Hedlund, Graham S. Henry, David Gulbrandson, Robert Poyson, Todd Smith, Eldon Schurz, and Roger Scott (collectively, "Plaintiffs"), and Defendants Charles L. Ryan, Director of the Arizona Department of Corrections ("ADC"); James O'Neil, Warden, ASPC–Eyman; and Greg Fizer, Warden, ASPC–Florence (collectively, "Defendants"), hereby stipulate and agree as follows:

**WHEREAS**, on December 22, 2016, this Court entered an Order for Dismissal of Claim One (ECF No. 155) based on the December 19, 2016 Stipulated Settlement Agreement (ECF No. 152) between Plaintiffs and Defendants (collectively, the "parties");

**WHEREAS**, Claim Six and Claim Seven of Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 94) and Plaintiffs' Supplemental Complaint (ECF No. 163) challenge the ADC's reservations of excessive discretion in its execution procedures, and Defendants' past and proposed future exercises of that discretion, including through "last-minute deviations from critical aspects of its announced execution process," May 18, 2016, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss SAC at 13 (ECF No. 117), as violative of the Eighth and Fourteenth Amendments;

**WHEREAS**, Defendants intend to resolve the deficiencies Plaintiffs allege through their permanent repudiation of certain provisions contained in past versions of the ADC's execution procedures, as set forth herein, and through the adoption of a new set of execution procedures reflecting those changes;

**WHEREAS**, Defendants' execution procedures have, in the past, stated that "[t]his Department Order outlines internal procedures and does not create any legally enforceable rights or obligations," *e.g.*, Ariz. Dep't of Corr., Dep't Order 710, at p.1 (Jan. 11, 2017);

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that Defendants and the ADC will remove from the ADC's current execution procedures the sentence—"[t]his Department Order outlines internal procedures and does not create any legally enforceable rights or obligations"—and that Defendants and the

1 | ADC will never again include such language or substantially similar language in any future version of the ADC's execution procedures (together, "Covenant No. 1");

**WHEREAS**, Defendants' execution procedures have, in the past, granted the Director of the ADC (the "ADC Director") the discretion to change any of the timeframes set forth in the execution procedures based on the ADC Director's determination that there has been an "unexpected or otherwise unforeseen contingency," *e.g.* Ariz. Dep't of Corr., Dep't Order 710 ¶ 1.1.2.3 (Jan. 11, 2017);

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that the ADC Director shall henceforth have the authority to change timeframes relating to the execution process only when those timeframes correspond to minor or routine contingencies not central to the execution process; that timeframes that *are* central to the execution process include, but are not limited to, those relating to execution chemicals and dosages, consciousness checks, and access of the press and counsel to the execution itself; and that Defendants and the ADC will never again include provisions in any version of the ADC's execution procedures that purport to expand the ADC Director's discretion to deviate from timeframes set forth in the execution procedures beyond those relating to minor or routine contingencies not central to the execution process (together, "Covenant No. 2");

**WHEREAS**, Defendants' execution procedures have, in the past, granted the ADC Director the discretion to change the quantities or types of chemicals to be used in an execution at any time that he determines such a change to be necessary, even after a warrant of execution has been sought, *e.g.*, Ariz. Dep't of Corr., Dep't Order 710, Att. D ¶ C.6 (Jan. 11, 2017);

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that the ADC Director shall henceforth have the authority to change the quantities or types of chemicals to be used in an execution after a warrant of execution has been sought only if the Director, the ADC, Defendants, and/or their counsel, (1) notify the

1 | condemned prisoner and his/her counsel of the intended change, (2) withdraw the existing warrant of execution, and (3) apply for a new warrant of execution; and that Defendants and the ADC will never again include provisions in any version of the ADC's execution procedures that permit the ADC Director or the ADC to change the quantities or types of chemicals to be used in an execution after a warrant of execution has been sought without also withdrawing and applying through counsel for a new warrant of execution (together, "Covenant No. 3");

**WHEREAS**, Defendants' execution procedures, in the past, have not expressly limited the ADC Director's discretion regarding the use of quantities and types of chemicals to only those quantities and types of chemicals set forth in the ADC's execution procedures;

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that the ADC Director's discretion to choose the quantities and types of chemicals for an execution shall be limited to the quantities and types of chemicals set forth expressly in the then-current execution procedures; that the quantities or types of chemicals that may be used in an execution may be modified only through the formal publication of an amended set of execution procedures; and that any future version of execution procedures will expressly reflect this limitation of discretion (together, "Covenant No. 4");

**WHEREAS**, Defendants' execution procedures, in the past, have required that, if any compounded chemical is to be used in an execution, the ADC shall obtain it from only a "certified or licensed" compounding pharmacist or compounding pharmacy, but the ADC's most recent version of its execution procedures has removed that limitation in lieu of a requirement that the ADC provide a "qualitative analysis of any compounded or non-compounded chemical to be used in the execution . . . within ten calendar days after the state seeks a Warrant of Execution," *compare* Ariz. Dep't of Corr., Dep't Order 710, Att. D ¶ C.2 (Oct. 23, 2015), *with* Ariz. Dep't of Corr., Dep't Order 710, Att. D ¶ C.2 (Jan. 11, 2017);

1 **WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that the ADC shall provide, upon request and within ten (10) calendar days after the State of Arizona seeks a warrant of execution, a quantitative analysis of any compounded or non-compounded chemical to be used in an execution that reveals, at a minimum, the identity and concentration of the compounded or non-compounded chemical; that ADC will only use chemicals in an execution that have an expiration or beyond-use date that is after the date that an execution is to be carried out; that, if the chemical's expiration or beyond-use date states only a month and year (*e.g.*, "May 2017"), ADC will not use that chemical after the last day of the month specified; and that all future versions of the ADC's execution procedures shall include these requirements (together, "Covenant No. 5");

**WHEREAS**, Defendants' execution procedures have, in the past, permitted the use of a three-drug lethal-injection protocol using: (1) a barbiturate or a benzodiazepine as the first drug, (2) a paralytic such as vecuronium bromide, pancuronium bromide, or rocuronium bromide (collectively, "Paralytic") as the second drug, and (3) potassium chloride as the third drug; *e.g.*, Ariz. Dep't of Corr., Dep't Order 710, Att. D ¶ C.2 at Chart C (Jan. 11, 2017);

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that Defendants and the ADC will never again use a Paralytic in an execution; and that Defendants and the ADC consequently will remove their current three-drug lethal-injection protocol from the current and any future version of the ADC's execution procedures (together, "Covenant No. 6");

**WHEREAS**, Defendants' execution procedures have, in the past, provided for prisoners or their agents to purchase and/or supply chemicals for use in the prisoner's own execution, *e.g.*, Ariz. Dep't of Corr., Dep't Order 710, Att. D ¶ C.1 (Jan. 11, 2017);

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that Defendants and the ADC shall remove from the ADC's execution procedures

any provision that purports to permit prisoners or their agents to purchase and/or supply chemicals for use in the prisoner's own execution, and that Defendants and the ADC will never again include any such provision or any substantially similar provision in any future version of the ADC's execution procedures (together, "Covenant No. 7");

**WHEREAS,** the parties agree that the version of Department Order 710 published on June 13, 2017 fully satisfies Covenant Nos. 1 through 7;

**WHEREAS,** Plaintiffs contend that they have incurred in excess of $2,350,000 in attorneys' fees and costs in litigating this action since its inception, and have incurred in excess of $280,000 in attorneys' fees and costs in litigating this action since this Court's December 22, 2016, Order dismissing Claim One without prejudice (ECF No. 155);

**WHEREAS**, the parties agree that, because of the above-described circumstances, resolution of Claim Six and Claim Seven—without further litigation, without any admission of liability, and without any final adjudication of any issue of fact or law—is appropriate and will avoid prolonged and complicated litigation between the parties;

**WHEREAS**, the parties intend this Stipulated Settlement Agreement to be enforceable by, and for the benefit of, not only the Plaintiffs but also all current and future prisoners sentenced to death in the State of Arizona ("Condemned Prisoner Beneficiaries"), who are express and intended third-party beneficiaries of this Stipulated Settlement Agreement and who are entitled to all rights and benefits provided to Plaintiffs herein, and who, upon any showing that any of the Defendants, any of the Defendants' successors in their official capacities as representatives of the ADC ("Defendants' Successors"), or the ADC has violated or intends to violate any of Covenant Nos. 1 through 7 may continue this action as substituted plaintiffs pursuant to Rule 25(c) of the Federal Rules of Civil Procedure;

**WHEREAS**, the parties intend this Stipulated Settlement Agreement to bind Defendants, the ADC, and Defendants' Successors, who, in the event that any Plaintiff or Condemned Prisoner Beneficiary moves to reopen this proceeding under Rule 60(b)(6) of

1 | the Federal Rules of Civil Procedure, will be deemed to have been automatically substituted as defendants in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure;

**WHEREAS**, the parties intend and agree that, upon any breach of this Stipulated Settlement Agreement, (a) any Plaintiff or Condemned Prisoner Beneficiary has standing and the right to move to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure, and (b) an order shall immediately issue permanently enjoining the ADC from violating Covenant Nos. 1-7;

**WHEREAS**, in the event that any Plaintiff or Condemned Prisoner Beneficiary moves to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the parties agree that the Defendants, the ADC, and Defendants' Successors waive all objections to this Court's reopening of this proceeding, including on the basis of timing, ripeness, mootness, or the standing of the moving parties;

**WHEREAS**, in the event that this Stipulated Settlement Agreement is breached through an actual or intended violation of any of Covenant Nos. 1 through 7 by Defendants, Defendants' Successors, or the ADC, and any Plaintiff's or Condemned Prisoner Beneficiary's motion to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure is not granted for reasons related to the moving parties' standing or the Court's jurisdiction, Defendants, Defendants' Successors, and the ADC consent to the entry of an order in a separate action by a Plaintiff or a Condemned Prisoner Beneficiary for breach of this agreement that permanently enjoins Defendants, Defendants' Successors, and the ADC from engaging in any conduct that violates any of Covenant Nos. 1 through 7.

**IT IS THEREFORE STIPULATED AND AGREED** that:

(1) Claims Six and Seven of Plaintiffs' Second Amended Complaint and Supplemental Complaint are dismissed, without prejudice.

(2) The parties do not hereby intend to settle, and Plaintiffs instead expressly

1  reserve their right to appeal, other claims that were dismissed by the Court's May 18,
2  2016, Order, including Claims 3, 4, and 5, which challenge various aspects of the ADC's
3  execution procedures on First Amendment grounds.

4  (3) Upon any showing by any Plaintiff or Condemned Prisoner Beneficiary that any of the Defendants, any of the Defendants' Successors, or the ADC intend to engage in or have actually engaged in any of the following conduct (together, the "Prohibited Conduct"):

    (a) adopt language in any future version of the ADC's execution procedures that purports to disclaim the creation of rights or obligations;

    (b) grant the ADC and/or the ADC Director the discretion to deviate from timeframes set forth in the ADC's execution procedures regarding issues that are central to the execution process, which include but are not limited to those relating to execution chemicals and dosages, consciousness checks, and access of the press and counsel to the execution itself;

    (c) change the quantities or types of chemicals to be used in an execution after a warrant of execution has been sought without first notifying the condemned prisoner and his/her counsel of the intended change, withdrawing the existing warrant of execution, and applying for a new warrant of execution;

    (d) select for use in an execution any quantity or type of chemical that is not expressly permitted by the then-current, published execution procedures;

    (e) fail to provide upon request, within ten (10) calendar days after the State of Arizona seeks a warrant of execution, a quantitative analysis of any compounded or non-compounded chemical to be used in an execution that reveals, at a minimum, the identity and concentration of the compounded or non-compounded chemicals;

    (f) use or select for use in an execution any chemicals that have an expiration or beyond-use date that is before the date that an execution is to be

carried out; or use or select for use in an execution any chemicals that have an expiration or beyond-use date listed only as a month and year that is before the month in which the execution is to be carried out;

    (g)    adopt or use any lethal-injection protocol that uses a paralytic (including but not limited to vecuronium bromide, pancuronium bromide, and rocuronium bromide); or

    (h)    adopt any provision in any future version of the ADC's execution procedures that purports to permit prisoners or their agents to purchase and/or supply chemicals for use in the prisoner's own execution; then

Claims Six and Seven shall be reinstated and reopened pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and, based on the agreement and consent of the parties granted herein, an injunction shall immediately issue in this action or in a separate action for breach of this Stipulated Settlement Agreement permanently enjoining Defendants, Defendants' Successors, and the ADC from engaging in any of the Prohibited Conduct.

    (4)    Plaintiffs agree not to seek their attorneys' fees and costs incurred in litigating Claims Six and Seven unless Defendants, Defendants' Successors, or the ADC breach this Stipulated Settlement Agreement, in which case Plaintiffs shall be entitled to an award, either in this action or in a separate action for breach of this Stipulated Settlement Agreement, of their reasonable attorneys' fees and costs incurred in litigating this action from its inception through the effective date of this Stipulated Settlement Agreement, as determined by the Court after briefing by the parties. In that circumstance,

///

///

///

///

///

Plaintiffs shall also be entitled to seek to collect their reasonable attorneys' fees and costs incurred in moving to enforce this Stipulated Settlement Agreement.

**IT IS SO STIPULATED.**

Dated: June 21, 2017  Sidley Austin LLP

s/ *Mark E. Haddad*
Mark E. Haddad

Attorneys for Plaintiffs

Dated: June 21, 2017  Office of the Arizona Attorney General

s/ *Jeffrey L. Sparks*
Jeffrey L. Sparks

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2017, I electronically filed the foregoing **Stipulated Settlement Agreement and [Proposed] Order for Dismissal of Claims Six and Seven** by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Barbara Cunningham*
Barbara Cunningham
Legal Secretary