# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; Graham S. Henry; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz, and Roger Scott, | No. CV-14-01447-PHX-NVW |
|---|---|
| Plaintiffs, | **ORDER FOR DISMISSAL OF CLAIMS SIX AND SEVEN** |
| v. | |
| Charles L Ryan, Director of ADC; James O'Neil, Warden, ASPC—Eyman; Greg Fizer, Warden, ASPC—Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC, | |
| Defendants. | |

Plaintiffs Charles Michael Hedlund, Graham S. Henry, David Gulbrandson, Robert Poyson, Todd Smith, Eldon Schurz, and Roger Scott (collectively, "Plaintiffs"), and Defendants Charles L. Ryan, Director of the Arizona Department of Corrections ("ADC"); James O'Neil, Warden, ASPC–Eyman; and Greg Fizer, Warden, ASPC–Florence (collectively, "Defendants"), have jointly stipulated to dismiss Claims Six and Seven of Plaintiffs' Second Amended Complaint (ECF Nos. 94 & 97) and Supplemental Complaint (ECF No. 163) ("Claims Six and Seven"), based upon the recitals in the parties' concurrently filed Stipulated Settlement Agreement for Dismissal of Claims Six and Seven ("Stipulated Settlement Agreement") (ECF No. 186), and under the terms that follow below.

1        Having considered the parties' Stipulated Settlement Agreement, and good cause

2 appearing, IT IS HEREBY ORDERED that:

3        (1)    Claims Six and Seven of Plaintiffs' Second Amended Complaint and

4 Supplemental Complaint are dismissed, without prejudice.

5        (2)    Upon any showing by any Plaintiff or any other current or future prisoner

6 sentenced to death in the State of Arizona that any of the Defendants, any of the

7 Defendants' successors, or the ADC intend to engage in or have actually engaged in any

8 of the following conduct (together, the "Prohibited Conduct"):

9        (a)    adopt language in any future version of the ADC's execution

10 procedures that purports to disclaim the creation of rights or obligations;

11        (b)    grant the ADC and/or the ADC Director the discretion to deviate

12 from timeframes set forth in the ADC's execution procedures regarding issues that

13 are central to the execution process, which include but are not limited to those

14 relating to execution chemicals and dosages, consciousness checks, and access of

15 the press and counsel to the execution itself;

16        (c)    change the quantities or types of chemicals to be used in an

17 execution after a warrant of execution has been sought without first notifying the

18 condemned prisoner and his/her counsel of the intended change, withdrawing the

19 existing warrant of execution, and applying for a new warrant of execution;

20        (d)    select for use in an execution any quantity or type of chemical that

21 is not expressly permitted by the then-current, published execution procedures;

22        (e)    fail to provide upon request, within ten calendar days after the State

23 of Arizona seeks a warrant of execution, a quantitative analysis of any

24 compounded or non-compounded chemical to be used in an execution that reveals,

25 at a minimum, the identity and concentration of the compounded or non-

26 compounded chemicals;

27        (f)    use or select for use in an execution any chemicals that have an

28 expiration or beyond-use date that is before the date that an execution is to be

carried out; or use or select for use in an execution any chemicals that have an expiration or beyond-use date listed only as a month and year that is before the month in which the execution is to be carried out;

(g)     adopt or use any lethal-injection protocol that uses a paralytic (including but not limited to vecuronium bromide, pancuronium bromide, and rocuronium bromide); or

(h)     adopt any provision in any future version of the ADC's execution procedures that purports to permit prisoners or their agents to purchase and/or supply chemicals for use in the prisoner's own execution; then

Claims Six and Seven shall be reinstated and reopened pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and, based on the agreement and consent of the parties granted in their concurrently filed Stipulated Settlement Agreement, an injunction shall immediately issue in this action or in a separate action for breach of the parties' Stipulated Settlement Agreement, permanently enjoining Defendants, Defendants' successors, and the ADC from engaging in any of the Prohibited Conduct.

(3)     Plaintiffs shall not be awarded attorneys' fees or costs incurred in litigating Claims Six and Seven unless Defendants, Defendants' successors, or the ADC breach the parties' Stipulated Settlement Agreement, in which case Plaintiffs shall be entitled to an award, either in this action or in a separate action for breach of the parties' Stipulated Settlement Agreement, of their reasonable attorneys' fees and costs incurred in litigating this action from its inception through the date of this Order (which currently are in excess of $2,630,000), as determined by the Court after briefing by the parties. In that circumstance, Plaintiffs shall also be entitled to seek to collect their reasonable attorneys' fees and costs incurred in moving to enforce the parties' Stipulated Settlement Agreement and this Order.

(4)     The stay order (Doc. 68) entered November 24, 2014, is vacated.

1    With the entry of this Order, all claims of all parties have been disposed of.  The

2  Clerk shall terminate this case.

3    Dated: June 22, 2017.

4

5    _____

6    Honorable Neil V. Wake
     Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28