1  JON M. SANDS
   Federal Public Defender, District of Arizona
2  DALE A. BAICH (OH Bar No. 0025070)
   dale_baich@fd.org
3  850 West Adams Street, Suite 201
   Phoenix, Arizona 85007
4  602.382.2816 | 602.889.3960 facsimile

5  Counsel for Condemned Plaintiffs

6  JOSHUA E. ANDERSON (CA Bar No. 211320)
   janderson@sidley.com
7  COLLIN P. WEDEL (CA Bar No. 278461)
   cwedel@sidley.com
8  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
9  Los Angeles, California 90013
   213.896.6000 | 213.896.6600 facsimile

10 Counsel for the Coalition and Condemned Plaintiffs

11 MARK BRNOVICH
   Attorney General
12 (Firm State Bar No. 14000)
   LACEY GARD
13 Capital Litigation Section
   1275 West Washington
14 Phoenix, Arizona 85007-2997
   602.542.4686 | CADocket@azag.gov

15 Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Amendment Coalition of Arizona, Inc.; Charles Michael Hedlund; David Gulbrandson; Robert Poyson; Todd Smith; Eldon Schurz; and Roger Scott,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director of ADC; Stephen Morris, Warden, ASPC–Eyman; Jeff Van Winkle, Warden, ASPC–Florence; and Does 1-10, Unknown ADC Personnel, in their official capacities as Agents of ADC,<br><br>Defendants. | Case No. 2:14-cv-01447-NVW-JFM<br><br>**STIPULATED SETTLEMENT AGREEMENT FOR DISMISSAL OF CLAIMS THREE AND FOUR** |

Plaintiffs Charles Michael Hedlund, David Gulbrandson, Robert Poyson, Todd Smith, Eldon Schurz, and Roger Scott (collectively, "Plaintiffs"),[1] and Defendants David Shinn, Director of the Arizona Department of Corrections ("ADC"); Stephen Morris, Warden, ASPC–Eyman; and Jeff Van Winkle, Warden, ASPC–Florence (collectively, "Defendants"),[2] hereby stipulate and agree as follows:

**WHEREAS**, on May 18, 2016, this Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), which dismissed Claims One (in part), Two, Three, Four, Five, and Eight, but permitted Plaintiffs to proceed with Claims One (in part), Six, and Seven.

**WHEREAS**, on December 22, 2016, this Court entered an Order for Dismissal of Claim One (ECF No. 155), based on the December 19, 2016, Stipulated Settlement Agreement (ECF No. 152) between Plaintiffs and Defendants (collectively, the "parties");

**WHEREAS**, on June 22, 2017, this Court entered an Order for Dismissal of Claims Six and Seven (ECF No. 187), based on the June 21, 2017, Stipulated Settlement Agreement (ECF No. 186) between the parties, which also constituted the final judgment in this action, *see* ECF No. 189;

**WHEREAS**, on June 28, 2017, Plaintiffs filed a Notice of Appeal (ECF No. 190), through which Plaintiffs sought review of this Court's dismissal of Claims Three, Four and Five;

**WHEREAS**, Plaintiffs did not appeal the dismissal of Claims Two and Eight;

**WHEREAS**, on September 17, 2019, the U.S. Court of Appeals for the Ninth Circuit issued its opinion in Plaintiffs' appeal, affirming this Court's dismissal of Claim Five, reversing in part the dismissal of Claims Three and Four, and holding that "the First

---

[1] Plaintiff Graham Henry passed away on February 9, 2018. The remaining Plaintiffs in this litigation are seeking the same relief as Mr. Henry. *See* Fed. R. Civ. P. 25(a).

[2] Pursuant to Fed. R. Civ. P. 25(d), Defendants David Shinn, Stephen Morris, and Jeff Van Winkle have been substituted in place of former Defendants Charles Ryan, James O'Neil, and Greg Fizer, respectively.

Amendment right of access to governmental proceedings encompasses a right to hear the sounds of executions in their entirety. . . . [and] that on the facts alleged, Arizona's restrictions on press and public access to the sounds of executions impermissibly burden that right." *First Amendment Coalition of Ariz. v. Ryan*, 938 F.3d 1069, 1075 (9th Cir. 2019);

**WHEREAS**, on October 28, 2019, the Court of Appeals denied Plaintiffs' petition for panel and/or en banc rehearing, and, on November 5, 2019, issued its mandate;

**WHEREAS**, in light of the Court of Appeals' decision, Defendants intend to resolve the deficiencies the Court of Appeals found through their permanent repudiation of certain provisions contained in past versions of the ADC's execution procedures, as set forth herein, and through the adoption of a new set of execution procedures reflecting those changes;

**WHEREAS**, Defendants' execution procedures have, in the past, restricted witnesses' ability to hear certain portions of the execution process;

**WHEREAS**, Defendants hereby represent, covenant, and agree, and the parties intend, that (a) Defendants and the ADC shall henceforth ensure (and shall henceforth amend ADC's execution procedures to ensure) that witnesses to executions performed by ADC can hear all sounds from within the execution room from the time the prisoner is brought into the execution room until the prisoner is pronounced dead or the execution has otherwise ended, including by leaving turned on and broadcast into the witness room for the entirety of the execution the microphones in the execution room and on the inmate's person, with the sole exception being the limited and specific moments (if any) during which the inmate uses vulgarity or intentionally offensive statements, after which the witnesses' ability to hear the executions sounds must be immediately restored, and that (b) Defendants and the ADC will never again include provisions in any version of the ADC's execution procedures that purport to restrict the witnesses' ability to hear the

sounds of executions in their entirety beyond the limitations set forth in this paragraph ("Defendants' Covenant");

**WHEREAS,** the parties agree that the version of Department Order 710 published on June 19, 2020, fully satisfies Defendants' Covenant;

**WHEREAS,** Plaintiffs contend that they have incurred in excess of $2,950,000 in attorneys' fees and costs in litigating this action since its inception, approximately $445,000 of which was incurred pursuing their appeal of their First Amendment claims since this Court's June 22, 2017, entry of judgment;

**WHEREAS**, the parties agree that, because of the above-described circumstances, resolution of Claims Three and Four—without further litigation, without any admission of liability, and without any final adjudication of any issue of fact or law—is appropriate and will avoid prolonged and complicated litigation between the parties;

**WHEREAS**, the parties intend this Stipulated Settlement Agreement to be enforceable by, and for the benefit of, not only the Plaintiffs but also all current and future prisoners sentenced to death in the State of Arizona ("Condemned Prisoner Beneficiaries"), who are express and intended third-party beneficiaries of this Stipulated Settlement Agreement and who are entitled to all rights and benefits provided to Plaintiffs herein, and who, upon any showing that any of the Defendants, any of the Defendants' successors in their official capacities as representatives of the ADC ("Defendants' Successors"), or the ADC has violated or intends to violate Defendants' Covenant may continue this action as substituted plaintiffs pursuant to Rule 25(c) of the Federal Rules of Civil Procedure;

**WHEREAS**, the parties intend this Stipulated Settlement Agreement to bind Defendants, the ADC, and Defendants' Successors, who, in the event that any Plaintiff or Condemned Prisoner Beneficiary moves to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure, will be deemed to have been automatically substituted as defendants in this action pursuant to Rule 25(d) of the Federal Rules of Civil

1 Procedure;

2 **WHEREAS**, the parties intend and agree that, upon any breach of this Stipulated Settlement Agreement, (a) any Plaintiff or Condemned Prisoner Beneficiary has standing and the right to move to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure, and (b) an order shall immediately issue permanently enjoining the ADC from violating Defendants' Covenant;

**WHEREAS**, in the event that any Plaintiff or Condemned Prisoner Beneficiary moves to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the parties agree that the Defendants, the ADC, and Defendants' Successors waive all objections to this Court's reopening of this proceeding, including on the basis of timing, ripeness, mootness, or the standing of the moving parties;

**WHEREAS**, in the event that this Stipulated Settlement Agreement is breached through an actual or intended violation of Defendants' Covenant by Defendants, Defendants' Successors, or the ADC, and any Plaintiff's or Condemned Prisoner Beneficiary's motion to reopen this proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure is not granted for reasons related to the moving parties' standing or the Court's jurisdiction, Defendants, Defendants' Successors, and the ADC consent to the entry of an order in a separate action by a Plaintiff or a Condemned Prisoner Beneficiary for breach of this agreement that permanently enjoins Defendants, Defendants' Successors, and the ADC from engaging in any conduct that violates Defendants' Covenant.

**IT IS THEREFORE STIPULATED AND AGREED** that:

(1) Claims Three and Four of Plaintiffs' Second Amended Complaint are dismissed, without prejudice.

(2) Upon any showing by any Plaintiff or Condemned Prisoner Beneficiary that any of the Defendants, any of the Defendants' Successors, or the ADC intend to engage in or have actually engaged in any of the following conduct (together, the "Prohibited

Conduct"):

        (a)    adopt language in any future version of the ADC's execution procedures that purports to restrict the ability of execution witnesses to hear the sounds of the execution in their entirety beyond the limited exception for vulgarity or offensive speech set forth in Defendants' Covenant; or

        (b)    restrict the ability of execution witnesses to hear the sounds of the execution in their entirety beyond the beyond the limited exception for vulgarity or offensive speech set forth in Defendants' Covenant; then

Claims Three and Four shall be reinstated and reopened pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and, based on the agreement and consent of the parties granted herein, an injunction shall immediately issue in this action or in a separate action for breach of this Stipulated Settlement Agreement permanently enjoining Defendants, Defendants' Successors, and the ADC from engaging in any of the Prohibited Conduct.

        (3)    Plaintiffs agree not to seek their attorneys' fees and costs incurred in litigating Claims Three and Four unless Defendants, Defendants' Successors, or the ADC breach this Stipulated Settlement Agreement, in which case Plaintiffs shall be entitled to an award, either in this action or in a separate action for breach of this Stipulated Settlement Agreement, of their reasonable attorneys' fees and costs incurred in litigating this action from its inception through the effective date of this Stipulated Settlement Agreement, as determined by the Court after briefing by the parties. In that circumstance, Plaintiffs shall also be entitled to seek to collect their reasonable attorneys' fees and costs incurred in moving to enforce this Stipulated Settlement Agreement.

        **IT IS SO STIPULATED.**

Dated:  June 22, 2020          Sidley Austin LLP

                           s/ *Joshua E. Anderson*
                           Joshua E. Anderson
                           Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated: June 22, 2020 | Office of the Arizona Attorney General |
| 2 | | s/ *Lacey Gard* |
| 3 | | Lacey Gard |
| 4 | | Attorneys for Defendants |

I, Joshua E. Anderson, hereby attest that counsel for Defendants, Lacey Gard, authorized the use of her signature on, and concurred in the filing of, this document, on June 22, 2020.

s/ *Joshua E. Anderson*
Joshua E. Anderson

# **CERTIFICATE OF SERVICE**

I hereby certify that, on June 22, 2020, I electronically filed the foregoing **Stipulated Settlement Agreement for Dismissal of Claims Three and Four** by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ *Joshua E. Anderson*
Joshua E. Anderson